## RIVERS v. RIVERS.

1. **Divorce:** FELONY: DECREE PENDING APPEAL: FORMER ADJUDICATION. Where defendant was convicted of a felony, but appealed, and, pending the appeal, plaintiff began an action against him for divorce on account of such conviction, a decree was properly rendered for defendant; because the action was premature, so long as the conviction was not final; (*Rivers v. Rivers*, 60 Iowa, 378;) but such decree was not a final adjudication of plaintiff's right to a divorce for the cause alleged, and did not estop her from maintaining another action on the same ground after the judgment of conviction was affirmed.

*Appeal from Monroe Circuit Court.*

THURSDAY, MARCH 19.

ACTION FOR A DIVORCE. There was a decree for the plaintiff, and the defendant appeals.

*Lafferty & Needham* and *Anderson & Anderson*, for appellant.

*John F. Lacey* and *T. B. Perry*, for appellee.

ROTHROCK, J.—This is the second action between the same parties for the same cause. In the former action the plaintiff demanded a divorce upon the grounds of cruel and inhuman treatment, and that defendant, subsequent to his marriage, had committed adultery, and that he had three times been convicted of felonious crimes. The answer in that case denied all the allegations of the petition. The cause was tried upon its merits, and there was a decree for the defendant. Upon a trial anew in this court the decree of the circuit court was affirmed. See 60 Iowa, 378. The opinion of this court was filed in the case in January, 1883. This action was commenced in April, 1883, and the alleged ground for divorce was that the defendant was convicted of a felony by the judgment and sentence of the district court of Dallas county on the twenty-second day of April, 1881, and said judgment was affirmed by this court, on appeal, on the twentieth day of January, 1883. The facts as to the conviction and affirmance are not disputed, but it is urged by appellant that the right to a divorce for the cause alleged was adjudged against the plaintiff in the former action for divorce, and the former decree is relied upon as a bar to the present action.

The first action for a divorce was tried pending an appeal of the criminal case to this court, and, until the appeal was determined, the conviction and judgment of the district court were not a valid ground for a divorce. *Vinsant v. Vinsant,* 49 Iowa, 639; *Rivers v. Rivers,* 60 Id., 378. Appellant insists that, as the petition in the former case alleged the convictions of felony as grounds for divorce, and the answer

was a mere general denial, and the trial was upon the issues thus made, the adjudication in that case embraced all the cases where a judgment of conviction of a felony had been rendered by the district court. It is probably correct that a decree in an action for divorce is an adjudication of all causes for divorce then existing. But it is very plain that it is not an adjudication of a cause of action which subsequently accrues to the complaining party. The ground for a divorce now alleged had no existence when the former action for divorce was tried, simply because there had been no conviction which was a cause for a divorce, and if the plaintiff pleaded the conviction and relied upon it, the rule would not be different, because it was not then a ground for divorce, and could not be the subject of a binding adjudication between the parties.

AFFIRMED.