W. J. HOY, Appellee, v. DRAINAGE DISTRICT NUMBER THIRTY-FOUR, BUENA VISTA COUNTY, et al., Appellants.

**DRAINS: Reletting Contract on Default—Payment.** One who, on default of the original contractor, has contracted to complete a drainage improvement, with full knowledge that the funds originally provided will be insufficient to pay him, is under no obligation, on completion of his work, to defer his demand for payment until the liability on the bond of the original contractor may be adjudicated.

Such new contractor is entitled to demand a prompt relevy on the lands of the district, sufficient to pay his legal claim. (Sec. 1989-a10, Code Supp., 1913.)

**JUDGMENT: Abatement—Effect.** Principle reaffirmed that a judgment
2   in abatement does not have the effect to prevent the prosecution
of a future action based on the same subject-matter; further, that a judgment will be treated as in abatement when the answer tenders no issue but one in abatement.

*Appeal from Buena Vista District Court.*—D. F. Coyle, Judge.

February 15, 1921.

Action in equity for a writ of mandamus to compel the defendant board of supervisors of Buena Vista County to issue warrants for a balance claimed to be due plaintiff on the construction of a drainage improvement, and also to compel said board of supervisors to levy a tax upon the property of the district for the purpose of providing funds with which to pay the balance due plaintiff under a contract for the construction of the drainage improvement. Decree as prayed, except the prayer of the petition asking a writ to compel defendant to issue warrants for the balance due, which was denied. Defendant appeals. *—Affirmed.*

*Guy E. Mack* and *Kelleher, Hanson & Mitchell,* for appellants.

*Healy & Faville* and *Kindig, McGill, Stewart & Hatfield,* for appellee.

Stevens, J.—I. The plaintiff, W. J. Hoy, doing business under the name and style of W. J. Hoy Company, on June 22, 1915, entered into a contract with the defendant board of supervisors for the benefit of Drainage District No. 34, to complete the work of excavating a certain main ditch located and established by the board of supervisors of Buena Vista County. The contract for the construction of the improvement in question was originally let to Forrestal & Feyen, on or about April 8, 1914. Forrestal &

1. Drains: re-letting contract on default: payment.

Feyen undertook to do the work, but, during the progress thereof, became bankrupt and withdrew. The surety on the bond of the original contractor thereupon undertook to complete the work, but also withdrew before this was accomplished, resulting in the letting of a new contract. Plaintiff, being the lowest of the competitive bidders therefor, was awarded the contract, and promptly entered upon, and finally completed, the improvement. Warrants were issued to him by the county auditor, upon the certificate of the engineer in charge of the work, in the aggregate sum of $118,409.39. Payment was made by the treasurer upon these warrants to the amount of $33,253.62, when the funds on hand became exhausted. The remaining warrants were accordingly marked, ''Not paid for want of funds.'' The county auditor declined to issue warrants upon the estimates of the engineer for the balance admitted to be due the plaintiff, amounting to $18,458.69, for the reason that claims for labor and material furnished to the plaintiff had been filed in his office, as provided by Section 1, Chapter 155, Acts of the Thirty-fifth General Assembly. The full amount of the original estimated cost of the improvement had, at the time of the commencement of this action, been paid and applied upon warrants issued either to the original contractor or to plaintiff, or in the payment of the proper and legal costs and expenses of the improvement; so that, unless a new levy is spread upon the property subject thereto, or a sufficient amount is recovered as damages from the sureties on the bond of Forrestal & Feyen, no fund is or will be available for the payment of plaintiff's claim.

The court below declined to order the auditor to issue warrants for the balance due plaintiff, but did direct the defendant board of supervisors to at once convene and make the necessary and proper levy against the property of the district for the purpose of providing a fund for the payment of the warrants held by plaintiff, and also the balance due on the estimates of the engineer.

W. G. Stock, C. B. Zinzer, Carl Wilmerling, and I. N. Evans, all of whom owned property in the district, intervened, in the main adopting the allegations of defendants' answer to plaintiff's petition, as a part of their petition in intervention.

The principal claim of appellants is: (1) That plaintiff's

claimed right to the issuance of a writ of mandamus to compel
the board of supervisors to levy a tax upon the property of the
district was finally adjudicated in a prior action
2. JUDGMENT:
abatement:
effect.
brought by him against the same defendants for
that purpose, and that, by failing to appeal
from the judgment of the district court, he is now fully barred
and estopped from prosecuting this action for the same relief;
and (2) that plaintiff had both actual and constructive notice
of the default of the original contractor at the time he entered
into the agreement to complete the work, and therefore knew
that sufficient funds were not and would not be available for the
payment of warrants issued to him until damages were recov-
ered upon the bonds, and the amount for which a levy would be
required had been definitely ascertained and determined by the
board of supervisors.

The judgment upon which defendants' plea of a former
adjudication is based was entered in the district court of Buena
Vista County, at the 1916 term of the district court of said
county, in an action brought by plaintiff against the same de-
fendants, in which a writ of mandamus to compel the board to
levy a tax upon the property of the district, sufficient to pay
plaintiff's claim, was prayed. The court found in that case
that plaintiff was not entitled to the relief prayed, and dis-
missed the petition. Counsel for appellee seek to avoid the effect
of this judgment upon the ground that the only issue tendered
by defendants' answer therein was a plea in abatement.

It was the theory of counsel for defendants, at the time of
the trial of the former suit, as it is in this court, that the board
of supervisors cannot be compelled by mandamus to levy a tax
until there has been an adjudication of the liability of the surety
on the original bond to the district, and the exact amount for
which a levy must be made has been ascertained by the board.

We shall not undertake to set out and review at length the
issues upon the trial of the prior action. It seems to us that
the apparent and necessary effect of the matters set up in de-
fendants' answer therein was that of a plea in abatement, and
not in bar. The decree of the court does not show that defend-
ants' plea in abatement was sustained, and that plaintiff's
petition was dismissed solely upon that ground; but, as the

answer, in effect, tendered only pleas in abatement, a special finding to that effect was not necessary. A plea in abatement does not have the effect of preventing the prosecution of a future action, based upon the same subject-matter, between the same parties. *Rivers v. Rivers,* 65 Iowa 568; *Kern & Son v. Wilson,* 82 Iowa 407; *Harrison v. Hartford Fire Ins. Co.,* 102 Iowa 112; *Telegraph v. Lee,* 125 Iowa 17. It follows that the plea of prior adjudication cannot be sustained.

II.   The engineer in charge of the work for the district, on December 1, 1917, reported to the board of supervisors that plaintiff had completed the work required by his contract, and, on December 4th, the board accepted the report of the engineer, and approved the work as completed. The petition in this case was filed September 12, 1918. There is no doubt, as claimed by appellants, that plaintiff knew the extent of the work done by the original contractor, and that substantially all of the taxes levied had been collected and paid upon warrants already issued, and that but a small part of the funds required to defray the cost of completing the improvement was then on hand, or would be provided by the original levy. As we understand counsel, it is not claimed that the board of supervisors acted illegally or in excess of its statutory authority in readvertising for bids to complete the work, or in awarding the contract to plaintiff; nor is it claimed that the work was not completed in accordance therewith. It is, however, the theory and contention of appellants that the court below could not, by mandamus, compel the board to levy a tax until the remedy on the bond had been exhausted. The record does not disclose whether an action is now pending against the sureties upon the bond, nor is it claimed that adjudication of this question is near. Appellants do not challenge the authority of the board to levy a tax for the purpose of providing funds with which to pay whatever warrants held by plaintiff remain unpaid after exhausting the amount of anything realized as the result of an action on the bond.

Section 1989-a10 of the Supplement to the Code, 1913, authorizes the boards of supervisors to make provision for completing drainage improvements where the contractor has de-

faulted in his contract, or has failed to complete the work. This section is as follows:

"If any person to whom any portion of said work shall have been let shall fail to perform the same according to the terms specified in his contract, then the cash deposited by him shall be forfeited to the county, or recovery may be had in an action on the bond by the county, for the benefit of the levee or drainage district, for the damages sustained and the work may be relet by the board in the manner hereinbefore provided; or the board may cause the uncompleted work to be done, paying therefor out of the balance of the contract price not theretofore paid over to the contractor, and if the expenses of so completing the work exceed such balance of the contract price, then the board of supervisors may cause an action to be brought in the name of the county in behalf of said district, or in the name of the board of supervisors and of the said district, for the recovery of the amount of such excess from the contractor and his bondsmen."

The default of the contractor, the depletion of the fund in the office of the county treasurer raised by the prior levy, and the ultimate possible necessity of a further levy to retire some part of the outstanding warrants, are not denied by appellants.

It will be observed that the board was specifically authorized by Section 1989-a10 to relet the work in the manner provided for the letting of the original contract. The fact that other methods for completing the improvement may be sometimes resorted to under the statute, in no wise affects the legality of the method adopted. We have no doubt that the contract entered into between plaintiff and the defendant board is legal and binding in all respects upon all of the parties interested.

The bond required by Section 1989-a8, Code Supplement, 1913, is "a bond with sufficient sureties in favor of the county for the use and benefit of the levee or drainage district in an amount equal to twenty-five per centum of the estimated cost of the work so let;" or, if the contractor prefers, he may "deposit such amount in cash with the auditor as security for the performance of his contract." It is further provided that, "upon the execution of such bond, or making of such deposit, the deposit originally made with his bid shall be returned to him."

If the contractor "shall fail to perform the same according to the terms specified in his contract, then the cash deposited by him shall be forfeited to the county, or recovery may be had in an action on the bond by the county, for the benefit of the levee or drainage district, for the damages sustained." If the board so determine, it may "cause the uncompleted work to be done, paying therefor out of the balance of the contract price not theretofore paid over to the contractor, and if the expenses of so completing the work exceed such balance of the contract price, then the board of supervisors may cause an action to be brought in the name of the county in behalf of said district, or in the name of the board of supervisors and of the said district, for the recovery of the amount of such excess from the contractor and his bondsmen." Section 1989-a10, supra.

In the case at bar, the board, acting in pursuance of authority conferred by the above statute, relet the contract "in the manner hereinbefore provided," instead of ordering the work completed and paid for out of funds on hand, or from the amount recovered as damages in an action against the contractor and the sureties on the bond. As the original contractor gave a bond, instead of depositing cash, nothing was forfeited by the failure of the contractor to perform the terms of its contract. It undoubtedly is true that the failure of the original contractor to complete the work, and the necessity of reletting the contract at an enormously increased price, will, no doubt, result in the imposition of a burden upon the property owners within the district, not contemplated at the time of its establishment. The procedure followed by the board was, however, in all respects legal, and we can see no escape from the conclusion reached by the court below. A review of the many authorities cited by appellants would add little to the discussion of the question. The reasoning of the Nebraska court in *Hall v. State*, 54 Neb. 280 (74 N. W. 590), cited by appellants, is persuasive; but, in that case, it was sought by mandamus to compel the board of supervisors to perform a discretionary duty. The court declined to grant the writ. In the case at bar, the duty of the board of supervisors to levy a tax with which to defray the expense of completing the improvement is not discretionary. The original contractor did not deposit cash in lieu of a bond, and the district

was without funds to defray the expenses of completing the work; and the only possible method by which it could have been done was that adopted by the board. An action on the bond might or might not result favorably to the district. The contractor could not be required to wait indefinitely for the payment of his warrants, or for the termination of litigation against the original contractor and the sureties on the bond. We perceive no serious difficulty to be encountered in the proper disposition of any amount realized in an action upon the bond, for the benefit of the district. It may be that the additional levy will raise the total cost of the improvement beyond what would, in the first instance, have been deemed prudent; but a large amount of money was paid the original contractor, and the work, at the time the default occurred, had reached a point where completion of the improvement was necessary, in order to prevent the work already done from becoming, in a large measure at least, valueless.

We reach the conclusion that the decree of the court below is right, and that it should be affirmed. Other questions discussed by counsel need not be given special consideration herein. The judgment and decree of the court below are—*Affirmed.*

EVANS, C. J., WEAVER and ARTHUR, JJ., concur.

FAVILLE, J., took no part.