H. E. FREDRICKSON, Appellant, v. RICHARDS & COMSTOCK, Appellee.

**JUDGMENT:** Conclusiveness—Premature Pleading of Counterclaim. A party who pleads and in a perfunctory manner litigates a cause of action as a counterclaim after it has matured, but before his measure of damages has been definitely and fully fixed by the termination of other related litigation, may not relitigate said counterclaim after the termination of such related litigation, even though the court, in entering judgment in the first cause, erroneously assigned as a reason for its action that the plea of the counterclaim was premature.

*Appeal from Pottawattamie District Court.—O. D. WHEELER, Judge.*

JUNE 22, 1923.

ACTION at law, to recover damages growing out of a sale and conveyance of real estate. The trial was to the court without the intervention of a jury, and judgment was rendered dismissing plaintiff's petition, and he appeals. The facts appear in the opinion.—*Affirmed.*

*Saunders & Stuart,* for appellant.

*Tinley, Mitchell, Pryor, Ross & Mitchell,* for appellee.

FAVILLE, J.—On November 28, 1911, the appellee conveyed two tracts of land to the appellant. One conveyance was by a warranty deed to 440 acres; the other was by a quitclaim deed to 300 acres known as "accretion land," which joined the land conveyed by the warranty deed. At the time of said conveyances, both tracts of land were in the possession of one Lewis, as a

tenant, under a written lease, which, by its terms, expired March 1, 1912. The lease was assigned by the appellee to the appellant. A portion of the purchase price of said real estate was paid by the delivery of certain automobiles to the appellee, and the balance was represented by a mortgage on said land for $11,000, executed by the appellant. On or about March 1, 1912, the tenant, Lewis, refused to surrender possession of said premises to the appellant, claiming that he had a verbal lease from the appellee, extending for a period of one year, or until March 1, 1913, the written lease under which he held possession. Thereupon, the appellant commenced an action of forcible entry and detainer against the tenant, for possession of said premises. Said suit was begun before a justice of the peace, and judgment was entered in favor of the appellant, and for the ouster of the tenant from all of said land except approximately 70 acres. The tenant was so ousted on March 15, 1912. Thereupon, the tenant appealed from the judgment of the justice of the peace to the district court, where, upon trial, the judgment of the justice court was reversed. The final judgment in said proceeding was entered about one year later, to wit, on March 10, 1913. On March 12, 1913, the appellant notified the appellee, in writing, of the said litigation with the tenant, and of the fact that he had until the 20th of March, 1913, in which to file a motion for a new trial in said cause, and demanded that appellee appear in said cause and endeavor to obtain a new trial therein. Nothing further appears to have been done in said matter. On October 23, 1913, the tenant commenced an action in the district court against the appellant, to recover damages for the alleged wrongful removal of said tenant from the premises. On said date, the appellant served notice on the appellee of the commencement of said action. Said cause was tried, and a judgment rendered on March 1, 1914, in favor of the tenant and against the appellant herein, for the amount of $1,250.

Reverting now to matters between the appellant and the appellee, it appears that, the appellant having failed to pay the amount due under the original purchase-money mortgage, of $11,000, on October 13, 1912, the appellee commenced suit in the district court for the foreclosure of said mortgage. The appellant, as defendant in said action, filed a counterclaim in two

counts. In one count, he claimed damages for false representations as to the acreage conveyed to him. In a second count, appellant claimed damages by reason of failure to obtain possession of the premises on March 1, 1912, and sought to recover the rental value, and also for attorney fees, costs, and loss of time in endeavoring to secure possession from the tenant. Said cause was tried and decree rendered January 27, 1914.

As to said Count 2 of appellant's counterclaim, the court found that the appellant was entitled to recover for costs, attorney fees, and loss of time incurred in the litigation to obtain possession of said premises, and entered judgment accordingly. The case was appealed to this court. *Richards & Comstock v. Fredrickson,* 171 Iowa 669. We modified the decree of the trial court as to said Count 2 and disallowed the award for attorney fees and costs. Petition for rehearing was denied October 4, 1915.

This action was commenced December 10, 1915. Before instituting it, the appellant paid the judgment of $1,250 previously referred to, that had been obtained against him by the tenant. In this action, the appellant seeks to recover the amount so paid by him in satisfaction of said judgment. Appellee pleads the former adjudication as a bar to appellant's recovery. The trial court sustained this plea, and dismissed appellant's petition.

I. The vital question in the case is whether or not there has been a prior adjudication of the issues presented in this action.

It is fundamental that two things must always exist, in order that the plea of *res adjudicata* may be available, and these are: (1) There must be identity of parties; and (2) there must be identity of issues in the two actions. In this case, there is identity of parties. Is there also identity of issues?

In the counterclaim in the original action, this appellant alleged that the appellee herein had conveyed to this appellant the said described land by warranty deed, containing the ordinary covenants of seizin and warranty. The deed was made a part of said pleadings. The counterclaim then contained the following allegations:

"That, at or about the time of the execution of said deeds, the plaintiff stated to this defendant that the tenant, one Ben

Lewis, then in possession of said land, had the right to posses-
sion of said land until the 1st day of March, 1912, but no longer,
at which time plaintiff would deliver the actual physical posses-
sion of said land to this defendant.  That said representations
were a part of the consideration of the purchase of said land,
and that the defendant believed and relied on said representa-
tions.  That said representations were untrue.  That the said
Lewis had a valid lease of said land from said plaintiff, expir-
ing on the 1st day of March, 1913.  That, shortly after the 1st
day of March, 1912, this defendant, being refused the possession
of said land by said renter, began an action in the justice court
of this county for the possession thereof.  The judgment of
the justice of the peace before whom the said action was tried
awarded the possession of 70 acres of the same to said renter,
and the balance to this defendant.  The said tenant took an
appeal from said judgment, and at the hearing thereof, at the
January, 1913, term of this court, the said tenant was awarded
the possession of all of said land until the 1st day of March,
1913.  That by reason of said lease so given to said Ben Lewis
by plaintiff and the judgment of this court, this defendant has
been deprived of the possession of said land from March 1, 1912,
to March 1, 1913.  And by that reason thereof he has lost the
rental value thereof during said time in the sum of $2,170.
That he has been put to great expense in employment of attor-
neys to gain possession thereof, in loss of his own time and costs
of the suit, for which judgment has been rendered against him.
That this defendant has been damaged in said respects in the
sum of $2,670, no part of which has been paid.''

In said cause the decree recited the facts in regard to the
outstanding lease, and the bringing of the action for forcible
entry and detainer before the justice of the peace, and its ap-
peal and final determination in the district court; that, pending
said litigation between this appellant and the tenant, the ap-
pellee was notified thereof; and that it had failed and refused
to take any action in the matter.  The court found that the value
of the services of the attorney was $75, and that the value of
the loss of time was $25, and that $66.15 of costs had been ex-
pended, which the appellant was entitled to recover.  The court
also found:

"That there is no evidence to show any further damage occasioned to defendant by reason of the assertion of such verbal extension of said lease to said tenant by the said Montgomery, other than the costs of said action, loss of time, and the attorney's fees aforesaid. It does not appear that the defendant has been required to pay any damages to the tenant by reason of the such tenant having been deprived of the possession of said lands during the year for which said lease was verbally extended, and the court finds that no cause of action has accrued to defendant upon this portion of his counterclaim."

The cause was appealed to this court by the appellee herein. This appellant did not prosecute a cross-appeal.

Respecting the matters involved in said Count 2 of the counterclaim, we said (*Richards & Comstock v. Fredrickson,* supra, at page 677) :

"Under the terms of the exchange, the defendant was to have possession of the land March 1, 1912. One Lewis had been tenant and claimed to have leased the premises from Montgomery, as agent of plaintiff, for another year, and refused to yield possession. Thereupon, the defendant instituted an action of forcible entry and detainer in the justice court, and upon trial, Lewis was removed from all but 70 acres of land, and defendant put in possession. On appeal to the district court, the action was again tried and reversed, the costs, amounting to $66.15, being taxed against the defendant. The court included in its judgment these costs, and also an attorney fee of $75, on the theory that there had been a breach of warranty, and the defendant was entitled to recover the costs and attorney's fee expended in procuring possession. For some reason, or because of neglect, Montgomery was not procured as a witness, and it is suggested that the result of the suit was owing to this omission. No notice of the pendency of the action was served on the plaintiff, and it had no opportunity to procure possession for Fredrickson nor to participate in said action in any way. This being so, and the issue being doubtful, we are not inclined to hold that recovery may be had of the expenses of litigation."

In the case at bar, the appellant alleges the execution and delivery of the warranty deed and quitclaim deed to the premises, and that, at the time of the delivery of said deeds, Lewis

was in possession of all of said described real estate as tenant, and refused to deliver possession on March 1, 1912. The appellant further alleged that:

"* * * at the time he contracted to purchase the land described herein, that defendant, through its agent, one S. S. Montgomery, represented to him that said Lewis did not have a lease upon the premises for the year 1912, excepting until March 1st thereof, that said Lewis had a written lease covering the premises for the year 1911, but that said lease expired on March 1, 1912; and plaintiff alleges said written lease was assigned by the defendant to the plaintiff."

Following this, the appellant alleges the fact of the tenant's refusal to surrender possession, and the bringing of the suit of forcible entry and detainer and its appeal and the result thereof. It is also alleged that the tenant subsequently brought suit to recover damages for the rental value of said premises for the year he was excluded therefrom, and that judgment was obtained in favor of the tenant and against this appellant in the sum of $1,250, which judgment, with interest, appellant alleges he has fully paid. It is also alleged that the appellee was duly notified of the decision in said action of forcible entry and detainer, and requested to obtain a new trial in said cause, and was also duly notified of the suit brought by the tenant against the appellant, to recover damages for the loss of possession of said premises.

In an amendment to his petition in this action, the appellant alleged that the land in question was conveyed to him by warranty and quitclaim deeds, and that, at the time of the making of the original contract and the deeds referred to, Lewis was in possession of all of said real estate; that, upon demand, he refused to deliver possession of said real estate. It is then alleged that this appellant had frequent interviews thereafter with the appellee, and demanded that it place him in possession of said premises, and delivered a written notice to it, demanding that it secure possession for him, or respond to him in damages. Copies of said notices are attached to the amendment.

Upon a trial of this cause, the court found that there had been a prior adjudication, and denied recovery to the appellant.

Counsel for the respective parties do not agree as to

whether appellant's cause of action in each suit is predicated upon breach of the covenant of warranty in the deed or upon false representations. It is not open to serious debate that in neither case is appellant's cause of action pleaded as carefully and artistically as lay within the capabilities of his distinguished counsel.

We are not called upon to construe the pleadings further than to determine whether or not the same cause of action is pleaded in both instances.

We think that the cause of action as pleaded is identical in the two suits. The only substantial difference between the two actions is in regard to the measure of damages. In the original action, the appellant sought to recover for "the rental value" of the premises for one year, with interest, and for the attorney fees, costs, and loss of time incurred in the suit with the tenant for possession. In the instant case, the appellant seeks to recover for the amount paid by him to the tenant on the judgment which the latter obtained as damages by reason of having been dispossessed from the premises for one year.

It is contended that, in the first action, the appellant sought "general damages," in asking recovery for "rental value," and that in this case the appellant seeks "special damages," being the amount paid in satisfaction of the judgment obtained by the tenant for the loss of possession.

Granting this to be true, it does not change the cause of action upon which each suit is based. It is not claimed, and could not well be, that one suit is based on alleged false representations, and the other on a breach of covenants in a deed. The same facts are pleaded in each instance, as the basis of a right of recovery. One measure of damages is sought in one action, a different one in the other; but both rest upon the same cause of action.

The general rule is well established that, where the causes of action and the parties are identical, the adjudication in the first action is final. *Watson v. Richardson*, 110 Iowa 698; *Madison v. Garfield Coal Co.*, 114 Iowa 56; *Ross v. Dowden Mfg. Co.*, 147 Iowa 180.

II. Appellant contends, however, that the general rule of *res adjudicata* does not apply in the instant case, because of the

terms of the decree in the original case, which, appellant contends, merely abated his action, and did not constitute a final adjudication of his cause of action, and therefore is not a bar to the prosecution of this case.

There was presented for determination in that case the question of the right of the appellant to recover on the cause of action pleaded in his counterclaim. The court permitted recovery as to certain items and denied recovery for the larger amount claimed. True, the court made a finding that, as to the item of damages for the rental value of the premises, the action was prematurely brought. If the court gave an incorrect reason for his conclusion, the effect of it was not to abate the action. The decree rendered denied the relief sought upon the cause of action that was pleaded. This was affirmed on appeal. The appellant saw fit to stand upon that adjudication of the cause of action as he pleaded it, without appealing therefrom.

Since we find, as we must, that the allegations of the pleadings in the instant case set up the same cause of action upon which recovery was sought in the former case, there is no escape from the conclusion that the adjudication entered in the former case is binding upon the appellant in the instant case. *The Telegraph v. Lee,* 125 Iowa 17, and *Hoy v. Drainage District,* 190 Iowa 1101, are cases in which a plea of abatement was interposed in the original action, and judgment entered in abatement, in accordance with Code Section 3771. Such a situation does not confront us in the instant case.

We are expressly limiting our holding to the particular cause of action pleaded by the appellant in the two cases, and we hold that the cause of action was identical, as pleaded in said cases, and that the adjudication of the cause of action in the former suit was a bar to the appellant's right to maintain the present suit.

It necessarily follows that the judgment of the trial court must be, and the same is,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.