FIRST NATIONAL BANK of Woodbine et al., Appellants, v. BOARD OF SUPERVISORS of Harrison County et al., Appellees.
(and three other cases)

No. 41976.

APRIL 4, 1933.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING
OCTOBER 28, 1933.

REHEARING DENIED APRIL 5, 1934.

Robertson & Wolfe, for appellants.

Wright & Baldwin, George S. Wright, A. G. Kistle, and Paul E. Roadifer, for appellees.

EVANS, J.— Four cases have been submitted together by stipulation. The printed record is confined to the case above entitled and our discussion will be confined thereto.

The First National Bank of Woodbine and forty-five of its stockholders purported to bring a joint action for the recovery of taxes alleged to have been illegally collected from them by the taxing officials of Harrison county, Iowa. They prayed for a writ of mandamus to be directed to the board of supervisors of Harrison county whereby the said board of supervisors should order the county treasurer to refund the taxes so paid. The taxes so collected are alleged to have been so collected in the years 1923, 1924, 1925, 1926, and 1927. The total amount so collected for the year 1927 from all of the plaintiffs is alleged to be $1,700 plus; for the year 1926, $1,500 plus; for the year 1925, $1,500 plus; for the year 1924, $2,200 plus; and for the year 1923, $2,800 plus. The petition is in five counts. Each count is devoted in its claims to the recovery of the taxes for *one year*. A list of the plaintiffs who claim recovery under each count is set forth in such count. The personnel of the plaintiffs differ in each count. Though there are forty-five alleged stockholders named as plaintiffs, not more than thirty of them claim under any single count. In addition to the members of the board of supervisors, the petition names as additional defendants the county auditor, the county treasurer, and Harrison county as a municipal corporation. Alleged misjoinder is predicated upon two or three grounds. One of these is that the petition purports to claim recovery from Harrison county upon each count for the amount of money claimed in such count. The plaintiffs have brought their mandamus suit on the equity side of the court. The defendants challenge the right of the plaintiffs to join their alleged cause of action against Harrison county because such cause of action is at law and cannot be prosecuted by the same kind of proceedings as the action of mandamus. The answer of the plaintiffs to this challenge is that they are claiming no cause of action against Harrison county. They do not deny that they made the county a party and served it with notice as such. Whether they are claiming any re-

covery against the county must be determined by an inspection of their pleading.

Turning first to count one of the petition, we quote from paragraph 9 thereof:

"And therefore, the said assessment of said taxes, and the levy of the same, and the collection thereof, and the refusal of the *defendants and each of them* to refund said taxes to the plaintiffs, were each and all erroneous, wrongful and unlawful acts, which directly and proximately injured and damaged the plaintiffs in the said amount of said taxes paid to said County, as above stated."

From the prayer upon count 1, we quote:

"That the Court further *find, adjudge and decree* that there is now due plaintiffs *from the said Harrison County*, Iowa, as taxes unlawfully collected from the plaintiffs for the year 1927 as described in Count 1 hereof the sum of Seventeen hundred Fifty-two Dollars and Seventy-eight Cents ($1,752.78), with *six per cent interest* thereon from the time of the payment of said taxes by the plaintiffs in 1927."

From the prayer of count 2, we quote:

"That there is now due and *owing from the said Harrison County to the plaintiffs* herein as taxes erroneously and illegally collected from the plaintiffs during the year of 1926 described in Count II hereof, the sum of Fifteen hundred Forty-seven Dollars and Eighty-five Cents ($1,547.85), with six per cent interest thereon from the time of the payment of said taxes."

The prayer is repeated in the foregoing form as applied to each of the other three counts.

From the final prayer as applied to all counts, we quote:

"That the plaintiffs have such other and further general equitable relief against the said defendants, and each of them, and their successor or successors in office as the Court finds and determines they are entitled to in the premises, *including judgment against said Harrison County, Iowa, for all of the costs of this action.*"

We see no room to deny that the petition does claim a recovery from Harrison county as a corporation, upon each count as for the sum total amount due to all the claimants under each count. Nor

is there any other purpose discoverable in the pleadings why Harrison county should have been made party at all. That the petition in this respect presents a case of misjoinder of causes of action is undeniable. We had this identical question before us in Murphy v. Board of Supervisors, 205 Iowa 256, 215 N. W. 744, wherein we held that an action at law against the county could not be joined with an action of mandamus against the board of supervisors under section 7235. The district court therefore ruled properly at this point.

Inasmuch as our foregoing holding is of itself sufficient to support the order appealed from, we have no occasion to consider additional grounds.

For the reason here indicated, the order of the district court is affirmed.

All Justices concur.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

EVANS, J.— In the petition for rehearing, the appellant assails the procedure of the court below. The question of misjoinder was raised by plea in abatement. The appellant now contends that the procedure should have been by motion.

Such point was not raised in the court below, nor was it raised on the original submission of the case in this court. The point is therefore not available to the appellant on rehearing.