FIRST NATIONAL BANK of Woodbine et al., Appellant, v. BOARD OF SUPERVISORS of Harrison County et al., Appellees.

WOODBINE SAVINGS BANK et al., Appellants, v. BOARD OF SUPERVISORS et al., Appellees.

PEOPLES SAVINGS BANK of Woodbine et al., Appellants, v. BOARD OF SUPERVISORS et al., Appellees.

PISGAH SAVINGS BANK et al., Appellants, v. BOARD OF SUPERVISORS et al., Appellees.

No. 43030.

DECEMBER 17, 1935.

REHEARING DENIED MAY 16, 1936.

Robertson & Wolfe, for appellants.

Wright & Baldwin, George S. Wright, Addison G. Kistle and Paul E. Roadifer, for appellees.

MITCHELL, J.—These actions were brought by plaintiffs to obtain a writ of mandamus against the Board of Supervisors and the members thereof, and the Treasurer and Auditor of Harrison county, Iowa, and for judgment for costs against the county, commanding the Board of Supervisors to make an order, directing the Treasurer of said county to refund to the plaintiffs certain taxes alleged to have been illegally collected from plaintiffs and retained by said county.

There were four of these cases, and by stipulation they were submitted together. Defendants filed a plea in abatement. This plea was based upon the grounds of misjoinder of parties plaintiff and causes of action, and was sustained by the lower

court. From that decree, plaintiffs appealed to this court, and the decision of the lower court was affirmed. See 217 Iowa 702 and 705, 247 N. W. 617, 250 N. W. 887. After said decision procedendo was issued by the clerk of the Supreme Court and filed in the office of the clerk of the district court of Harrison county.

Plaintiffs then filed in the office of the clerk of the district court what they designated as an "amendment to petition". In this new pleading the only relief prayed for against the defendants is the writ of mandamus commanding the Board of Supervisors of Harrison county to direct the Treasurer to refund the taxes alleged to have been illegally collected by the county and its officers.

After the filing of said amendments to plaintiffs' petitions, the defendants filed special appearances, questioning jurisdiction of the court to proceed in these cases, claiming "that the action was dismissed and there is now no action pending to which an amended petition could apply, and such amendment does not confer on the court any jurisdiction to hear and determine any issue thereunder."

On November 17, 1934, the lower court sustained said special appearance, and on its own motion struck from the files said amendment in each case. From the order sustaining the special appearance and striking the amendments, plaintiffs have appealed to this court.

The question with which we are confronted here is: "Does the District Court, after a dismissal by abatement, under defendants' answer, containing a plea in abatement, and trial on issues of law, with the election of plaintiffs to stand on the petition, and an appeal from the judgment to the Supreme Court, where, after petition for re-hearing, judgment was affirmed, have any further jurisdiction to entertain an amendment and further proceedings in the case?"

To answer this question we must have in mind the original petition, answer, proceedings, and decision of the cases. There were four cases, which were by stipulation submitted on the same record. Plaintiffs in each of these cases had both misjoinder of causes of action and of parties in a cause designated as an action in equity. The defendants answered, setting up a plea in abatement, based upon the fact that the court had no jurisdiction to hear the cause in the form presented, on account

of such misjoinder. After a hearing the lower court entered the following order:

"It is therefore ordered, adjudged and decreed that plaintiffs' petition be dismissed by abatement and plaintiffs' causes of action, as hereby presented be, and the same is hereby dismissed by abatement, and that defendants have judgment against the plaintiffs for costs of this action, taxed at ———— dollars, to all of which the plaintiffs and each of them, except.''

The plaintiffs, before the order and decree was entered, or after it was entered, might have asked leave of court to amend, but they did not see fit to do so. Rather, they elected to stand on their petition as presented, allowed judgment to go against them, and appealed. The order entered on appeal was affirmed by this court. See 217 Iowa 702, 247 N. W. 617, 250 N. W. 887.

The appellants claim the plea in abatement does not go to the merits of the case. The trouble is that they overlook the fact that there was in fact a dismissal of the original case. The appellees in this cause do not claim a dismissal on the merits or in bar and concede in their brief and argument that had appellants filed a new case there could be no claim that a dismissal by abatement was a bar to such action. The appellants cite certain cases: Hoy v. Drainage District, 190 Iowa 1101, 181 N. W. 456; Rivers v. Rivers, 65 Iowa 568, 22 N. W. 679; Kern & Son v. Wilson, 82 Iowa 407, 48 N. W. 919; The Telegraph v. Lee, 125 Iowa 17, 98 N. W. 364. An examination of these cases shows that in all of them plaintiffs filed a new action. It is of course the rule that where the dismissal is by abatement, it will not bar a second action to recover on the same facts. But in the case at bar the original order and decree was a dismissal of appellants' cases, and on appeal that order and decree was affirmed.

In Swartzendruber v. Polke, 205 Iowa 382, at page 388, 218 N. W. 62, 65, this court said:

"We now turn to the ruling of the court on the plea to the jurisdiction to the second amended and substituted petition of plaintiff. This amended petition was filed seventeen days after the order and judgment was entered on defendant's motion to dismiss, and, as pointed out, the petition was filed without request for time on the part of the plaintiff, and without an order of court as to time of filing an amendment. It is provided by

statute that, upon the filing of a motion or demurrer assailing any pleading, the necessity of filing any other pleading is suspended 'until the same has been determined, and the next pleading shall be filed by the morning of the day succeeding such determination.' Section 11137, Code 1924.

"A plaintiff has the undoubted right to amend his petition, to avoid the effect of a motion to dismiss (demurrer), and if he demands that right, or requests the court for opportunity to further plead, we will not presume that the court will deny such right. It was aptly said by our lamented Justice Weaver of this court in State ex rel. Gunderson v. Phillips, 186 Iowa 1052, 173 N. W. 41:

" 'If, as sometimes happens, the trial court's ruling is so unexpected as to leave counsel temporarily speechless until after judgment has been entered against him, it will still be presumed on appeal that a request made with reasonable promptness after recovery from the shock will not be denied.'

"The instant plaintiff did attempt to amend, but a comparison of the language of his second amended and substituted petition with the language of its predecessor will disclose the identical intent and content. No new or further cause of action was stated. The filing of a pleading once held insufficient on demurrer is properly reached by a plea to the jurisdiction, which, in this case, in legal effect, was a motion to strike, and was so treated by the trial court, since the enrolled order read: 'That said amended and substituted petition should be, and it is, stricken from the files.'

"See Myers v. Wendel, 198 Iowa 859, 200 N. W. 431. The ruling, therefore, on defendant's motion to dismiss the petition in equity and the judgment entered thereon was final, since the amendment, even though viewed as timely and properly filed, was no amendment. See Cooley v. Maine, 183 Iowa 560, 165 N. W. 1015; State ex rel. Gunderson v. Phillips, supra."

In the case of Shaw v. American Tobacco Company (C. C. A. 5th Circuit), 108 F. 842, 845, the court said:

"On July 2d, when the order was made dismissing the petition, no motion was submitted to the court asking leave to amend. The plaintiff, on the contrary, indicated that he would abide by the petition as it was written, by giving notice of a proceeding to review the decision of the court. It was not until

July 6th, after the bond for reviewing the case had been fixed on the plaintiff's motion, and while the parties were preparing the bills of exceptions, that the motion to amend was made. If it be conceded that the ruling of the court on the question of the amendment was subject to review here,—a question which need not be considered,—we think the learned judge in the trial court decided correctly in declining to allow the amendment at the time the motion to amend was made. The dismissal did not affect the plaintiff's right to immediately bring another suit, in which he could have averred the jurisdictional facts. The judgment of the circuit court is affirmed.''

In Klamath Lumber Co. v. Bamber, 74 Or. 287, 142 P. 359, the court said:

''The effect of the order abating the action and awarding costs and disbursements to defendants was to dismiss and terminate the case. Plaintiff could not after such a judgment proceed in the same action by paying up its delinquent fees and making its reports. As used in reference to actions at law, the word 'abate' means that the action is utterly dead and cannot be revived, except by commencing anew. Bouvier's Law Dict. tit. 'Abatement'; Words and Phrases, same title.

''Plaintiff's action was terminated by the judgment, and it was eo instante liable to a levy of execution for costs.

''The motion is overruled.''

The Iowa court in Steel v. Long, 84 N. W. 677, 678, said:

''Section 3574 of the Code provides: 'When a defendant has a cause of action affecting the subject-matter of the action against a co-defendant, or a person not a party to the action, he may, in the same action, file a cross-petition against the co-defendant or other person.' The plain meaning of this statute is that a cross petition may only be filed in an action then pending. See, on this point, Edwards v. Cosgro, 71 Iowa 296, 32 N. W. 350. This, we think, is practically conceded by the appellants; but they claim that, inasmuch as a procedendo had issued from this court after affirmance, and nothing having been done thereunder, the cause was still pending, and the cross petition proper. We cannot assent to this. The judgment in the district court gave the plaintiff the relief prayed, and this judgment was affirmed here. Steel v. Long, 104 Iowa 39, 73 N. W. 470. No

procedendo was necessary to carry out the order of this court. The judgment of the lower court had been entered of record, and, when affirmed, was in full force and effect, without further action thereon. Not a thing remained for the trial court to do; nor was he directed to take further action in the matter. The original action was, therefore, at an end, so far, at least, as the district court was concerned, and the defendants had no right to then file a cross petition. If the position contended for by appellants were tenable, there would be no end to a cause of action. If a cross petition may be filed and new parties brought in one week after final determination by decree, it might, under some circumstances, be permitted one, two, or three years thereafter. Such was not the legislative intent. The judgment of the district court is affirmed.''

So in the case at bar the order which was entered by the lower court was a dismissal by abatement as distinguished from dismissal in bar. The dismissal in the original action was designated by abatement so that it would not bar a new action. It was, nevertheless, a final judgment of dismissal, and was affirmed by this court without modification. The appellants, if they so desired, could have asked leave of court after the plea in abatement was sustained, to amend their pleading. They did not see fit to do this. Rather, they saw fit to permit a judgment of dismissal to be entered against them, and appealed. Upon affirmance by this court, that case was ended, and it could not be revived by amendment. The amendment in reality was not an amendment, for there was nothing to amend. It is no more than an attempt to assert the survival of a cause of action which was dismissed.

Judgment of the lower court must be, and it is hereby, affirmed.

The Chief Justice and all Justices concur.