STATE EX REL. MELOY *v.* BARGER, JUDGE

[No. 28,625.   Filed November 9, 1949.]

*George S. Dailey,* Prosecuting Attorney, Nineteenth Judicial Circuit; *Robert L. Carrico,* and *Samuel E. Garrison,* Deputy Prosecuting Attorneys, for relator.

*Ralph Adams* and *Herbert C. Jones,* both of Shelbyville, for respondent.

YOUNG, J.—This matter is before us upon a petition of relator to mandate respondent judge to assume and

exercise full jurisdiction and conduct all proceedings in a certain matter pending in the Shelby Circuit Court as Cause No. 4852, upon the criminal docket of said court entitled: *State of Indiana* v. *Robert Austin Watts,* until said cause is finally disposed of or until such time as a valid change shall be taken and perfected from said judge or from said county in said cause according to law.

A history of the so-called Watts case is set out in the petition for mandate and it thus appears that Watts was originally indicted in Marion County, Indiana, charged with first-degree murder. A change of venue from Marion County was taken and the case was sent to Shelby County where it was tried and a verdict of guilty was returned and a sentence of death imposed. The case was then appealed to this court and affirmed, and the judgment of this court was reviewed by the Supreme Court of the United States and the judgment of this court was then reversed, whereupon, pursuant to the mandate of the Supreme Court of the United States, this court reversed the judgment of the Shelby Circuit Court and certified the cause back to the said court with instructions to sustain appellant's motion for a new trial and for further action agreeable with the opinion of the Supreme Court of the United States in said cause.

The cause wherein said Watts was originally convicted and sentenced was No. 4723, upon the records and docket of the Shelby Circuit Court. After said new trial had been ordered, the defendant petitioned for counsel to represent him as a poor person and counsel was appointed by respondent herein. Thereafter such counsel filed motions for permission to withdraw defendant's plea of insanity and motion to set aside a physician's report and to withdraw his plea of not guilty, all of which were overruled by respondent. Thereupon the

defendant Watts, by his court-appointed attorneys, filed application for a change of judge, which was sustained, and, in proper manner, the Honorable William F. Marshall, Judge of the Rush Circuit Court, was appointed as special judge in said matter. Thereafter the attorneys for said Watts refiled their motions for permission to withdraw defendant's verified plea of insanity and his plea of not guilty for the purpose of filing a plea in abatement, all of which said motions were sustained by said special judge. Thereupon counsel for said Watts filed a verified plea in abatement, to which the State of Indiana filed reply in general denial.

The plea in abatement was predicated upon the general proposition that in the selection of the grand jury, which returned the indictment against the defendant in Marion County, negroes were systematically excluded solely because of race and color, in violation of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. Evidence was submitted and the court found for the defendant upon the issues presented upon said plea in abatement and the reply thereto and abated said action and ordered the defendant returned to the custody of the sheriff of Marion County, there to be held and detained without bail for action by a Marion County grand jury. On the following day, the special judge, on his own motion, set aside and expunged the record showing the action upon said plea in abatement and ordering the accused returned to Marion County, and ordered the sheriff of Marion County to produce said Watts in Shelby Circuit Court for further proceedings. Pursuant to said order said Watts appeared in person and by counsel in the Shelby Circuit Court and the court, by said special judge, found specifically that the grand jury which returned the indictment against said Watts was illegally

instituted, and the action of the grand jury so constituted was null and void and decreed that the action abate. Said Watts was thereupon called upon to elect whether he be further prosecuted in Shelby County or in Marion County, and he personally elected Shelby County and was remanded to the custody of the sheriff of said county to await action by the Shelby County grand jury. Thereafter, on October 25, 1949, the Shelby County grand jury returned an indictment in open court, respondent herein presiding as sole judge of said Shelby Circuit Court, charging substantially the same facts alleged in the original indictment, plus the facts that the original action had been abated and that defendant had elected to proceed in Shelby County. The proceedings upon said new indictment were docketed as a new cause, numbered 4852, upon the criminal docket of said court.

On October 26, a bench warrant was ordered, issued and delivered to the sheriff of Shelby County for service upon said Watts.

On October 28, relator filed in the Shelby Circuit Court before respondent, as judge thereof, a motion and request that respondent herein assume and exercise full jurisdiction in the proceedings based upon the new indictment and conduct all proceedings therein until such cause is finally disposed of or until such time as a valid change shall be taken and perfected from said judge or from said county in said cause according to law. Judge Barger, the sole, regular judge of Shelby Circuit Court, declined to assume and exercise jurisdiction in said matter and refused to conduct any proceedings in said matter on the theory that the new indictment charged the same offense charged in the original indictment and is a continuation of the original prosecution for the same offense, and that Marshall, special judge,

in said original prosecution, therefore, continued to have jurisdiction under the new indictment even though the proceedings under the old indictment had been abated.

Thereupon relator filed his petition in this court, asking us to require Judge Barger to exercise jurisdiction in connection with said Watt's prosecution under said new indictment. We issued an alternative writ requiring Judge Barger to assume and exercise jurisdiction in said matter or appear and show cause why he should not do so. Judge Barger has filed a response and admits the facts alleged in relator's petition, but insists that he is without jurisdiction to proceed with the case presented by the new indictment. In this situation we must decide whether special Judge Marshall or regular Judge Barger has jurisdiction to proceed with the case under the new indictment.

Relator bases his position on two propositions. The first is that the special judge erred in sustaining Watt's plea in abatement. Whether or not he erred in abating the action upon the original affidavit may not be placed before us in an original action for mandate. If the State was not satisfied with the ruling upon the plea in abatement its remedy was by appeal.

Relator's second position is that the case under the first indictment ended when the plea in abatement was sustained and that by the second indictment returned by the Shelby County grand jury before Judge Barger as regular judge a new action was instituted, over which Judge Barger has sole jurisdiction.

The fundamental question before us is whether the return of the second indictment and its docketing in the Shelby Circuit Court constituted a new cause or whether it constituted merely a continuation of the prosecution of defendant for the same offense originally charged in an action which had been abated. The statute

under which the special judge acted after he had sustained the plea in abatement of the accused, reads as follows:

> "If it shall be necessary to institute a new prosecution for the same offense after such change of venue has been taken, the defendant in such case shall elect, when so required by the court, whether such further prosecution shall be instituted in the court to which or in that from which such change was taken; and thereupon, he may be recognized to appear in the court which he elects, or be committed for want of bail, detained in custody or remanded to the county from which the change was taken, as the case may require." § 9-1308, Burns' 1942 Replacement.

The action of the court under this section is by the very words of the statute upon the condition that necessity exists for instituting a new prosecution for the same offense. Again in §§ 9-1310 and 9-1311, Burns' 1942 Replacement, the subsequent proceedings are referred to as a new prosecution. Dictionary definitions of "abatement" and "institute," used as a verb, indicate that the further prosecution contemplated would necessarily be a new prosecution. "Abatement" means "to put an end to, do away with," according to *Webster's New International Dictionary,* and "institute" means to "originate and establish; to inaugurate; initiate, as to institute an inquiry." For like judicial definitions of "abatement," see also *First Nat. Bank* v. *Board of Sup'rs.,* 221 Iowa 348, 264 N. W. 281; *Dodge* v. *Superior Court,* 139 Cal. App. 178, 33 P. 2d 695; *Piukkula* v. *Pillsbury Astoria Flouring Mills Co.,* 150 Ore. 304, 44 P. 2d 162; *Klamath Lumber Co.* v. *Bamber,* 74 Ore. 287, 142 Pac. 359; *Goldstein* v. *Loeb,* 46 N. Y. S. 838; *Witt* v. *Ellis,* 42 Tenn. 38; *Kelly* v. *Rochelle,* 93 S. W. (Tex.) 164; *Spring* v. *Webb,* 227

Fed. 481; *In re Thomasson,* 159 S. W. 2d (Mo.) 626. Applying these definitions, when the action was abated it was done away with and an end was put to it. Therefore, the old prosecution no longer existed, and when the grand jury was convened and instituted further prosecution by returning a new indictment they initiated and originated and inaugurated a new cause. In the words of the statute, when the new indictment was returned, a new prosecution for the same old offense was instituted. If the old prosecution ended and a new prosecution began, what had preceded in connection with the old prosecution was eliminated. The jurisdiction of the special judge came to an end because the case which he was appointed to try was finally disposed of. The soundness of such conclusion is clear when we consider that in the case before us a new indictment was necessary. Inasmuch as the offense charged in the proceeding which was abated was murder, the new prosecution could not be instituted by affidavit. It required indictment, and indictment necessitated the convening of a grand jury and the return of a new indictment found by the grand jury. Grand juries must be called by the regular judge of the circuit or criminal court having jurisdiction in criminal matters. §§ 9-802, 9-803, Burns' 1942 Replacement. A grand jury is an appendage of the court under whose supervision it is impaneled, having no existence aside from the court which calls it into existence, and upon which it is attending. 24 Am. Jur., Grand Jury, § 2, p. 832. No one will contend that the special judge had any power to convene the Shelby County grand jury or to accept and receive from such grand jury indictments returned by it. Only the regular judge of the Shelby Circuit Court could do this, and, in fact, the regular judge did do it. He convened the grand jury, as appears from the record, and

received from the grand jury a new indictment and caused same to be docketed under a new number in the criminal docket of his court. It being a new prosecution, the responsibility was his for the orderly conduct thereof. The change of judge, granted as to the first indictment, did not carry over to the second indictment.

A somewhat similar question was presented to this court in *Woodsmall* v. *State* (1913), 181 Ind. 613, 105 N. E. 155. In that case the appellant had been charged by indictment with conspiracy to obtain money by false pretense. A special judge was appointed, the appellant was tried and found guilty and sentenced to the State Prison. He filed a motion in arrest of judgment on the ground that the indictment was not sufficient to charge an offense, which was overruled. Upon appeal, this court held that the indictment was defective and that it was error to overrule the motion in arrest of judgment. The case was remanded to the trial court and the special judge, pursuant to the mandate of this court, sustained the motion in arrest and a new affidavit was filed with sufficient allegations to cure the defect found in the original indictment. The special judge retained jurisdiction over the objection of the appellant. The appellant contended that when the new affidavit was filed a new cause was instituted, but this court found otherwise and upheld the jurisdiction of the special judge who had been appointed to hear the case upon the original indictment. We believe that the Woodsmall case was not correctly decided. When the motion in arrest of judgment was sustained, that placed the defendant in exactly the same situation in which he was before the indictment against him was filed. § 9-2001, Burns' 1942 Replacement. It was as though the original action had ended. If this be true, he stood uncharged and free, except as the court could hold him while a new prose-

cution was instituted, under the statute which is controlling in the case before us. While the same offense was charged, it was a new prosecution and a new cause was instituted. To the extent the Woodsmall case conflicts with this opinion, it is overruled.

We conclude that Judge Barger, the respondent herein, is the proper person to conduct the proceedings under the new indictment, and the duty rests upon him to proceed with the new case until and unless a motion for a change of judge or for change of venue from the county is filed and granted.

It is, therefore, ordered that the alternative writ of mandate issued herein be and it is hereby made permanent and absolute, and respondent herein is hereby commanded to assume and exercise full jurisdiction and conduct all proceedings in Cause No. 4852, entitled "State of Indiana v. Robert Austin Watts," now pending in the Shelby Circuit Court, until said cause is finally disposed of, or until such time as a valid change shall be taken and perfected from said judge or from said Shelby County in said cause according to law.

NOTE.—Reported in 88 N. E. 2d 392.