**E. L. NEWTON, Appellant (Defendant below),**
v.
**STATE of Wyoming, Appellee (Plaintiff below).**

No. 2973.

Supreme Court of Wyoming.

Sept. 26, 1961.

W. J. Nicholas and W. A. Smith, of Smith, Nicholas & Clark, Lander, for appellant.

Norman B. Gray, Atty. Gen., W. M. Haight, Deputy Atty. Gen., and Lowell O. Stephens, Asst. Atty. Gen., for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

A true bill was returned upon an indictment received by a Fremont County grand jury. It purported to charge defendant with the crime of forgery. He filed a motion for change of venue. This was granted and the cause assigned to the District Court in and for Washakie County, Fifth Judicial District, State of Wyoming. Defendant then filed a motion to quash the indictment and the court sustained the same. A further proceeding was had by the grand jury of Fremont County. This resulted in the grand jury's returning a true bill upon an indictment titled as an amendment of its original indictment which had been quashed in Washakie County. The purported amendment again charged defendant with the same crime of forgery, but with much greater particularity, and concluded with the statutory words "and against the peace and dignity of the State of Wyoming," which had been omitted in the original indictment quashed by the District Court of

Washakie County. The District Court of Washakie County proceeded to try the accused upon the grand jury's second attempt at indictment and defendant was convicted on that indictment and sentenced. Defendant appeals.

■ The single question necessary for disposition of this appeal is whether the District Court of Washakie County, Wyoming, had any jurisdiction to try the defendant upon the so-called amended indictment.

We find no statutory authority for a grand jury to amend its own indictment, but inasmuch as the question of the right to amend an indictment returned by a grand jury is new in this State, we have examined federal authority where that question has been considered. In 4 Barron, Federal Practice and Procedure, Rules Ed., § 1916, p. 72, it is stated, "The federal courts generally hold to the theory that the indictment may not be amended, * * *."

However, in United States v. Krepper, 3 Cir., 159 F.2d 958, 970, certiorari denied, 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275, it was stated:

"* * * The indictment is the presentment to the proper court, under oath, by a grand jury, duly impanelled, of a charge describing an offense against the law for which the party charged may be punished. When an indictment is filed with the court, no change can be made in the body of the instrument by order of the court, or by the prosecuting attorney, without a resubmission of the case to the grand jury. * * *"

This holding seems to recognize that an indictment may be amended by the grand jury itself.

In Carney v. United States, 9 Cir., 163 F.2d 784, 788, certiorari denied, 332 U.S. 824, 68 S.Ct. 165, 92 L.Ed. 400, the court said:

"* * * the rule is that no authority exists to amend any part of the body of an indictment without reassembling the grand jury and to do so ousts the court of its power to proceed. This rule has been early defined by the Supreme Court in Ex Parte Bain, 1887, 121 U.S. 1, 13, 7 S.Ct. 781, 787, 30 L. Ed. 849 * * *."

This last statement, together with the reasoning and logic expressed in the cited Supreme Court case, convinces us that the resubmission of the indictment to the grand jury of Fremont County deprived the District Court of Washakie County of its jurisdiction in the matter, and that the inclusion in the Washakie County court's order sustaining the motion to quash the indictment of leave to amend the indictment by resubmission to the grand jury did not qualify in the least the absolute finality of that court's order insofar as its juridisction was concerned.

When the State saw fit to resubmit its indictment to the grand jury of Fremont County, there remained no vestige of jurisdiction in the District Court of Washakie County. It was, therefore, improper and beyond the authority and jurisdiction of the District Court of Washakie County to try the defendant for a crime alleged to have been committed in Fremont County without there being an assignment of the case arising upon the indictment as finally found by the grand jury of Fremont County. No such assignment was made nor was it even requested.

When the cause was returned to the grand jury in Fremont County, it was the right and privilege of the defendant to decide anew whether he then desired a change of venue for trial upon the changed indictment. This right was denied by requiring him to submit to trial in a juridisction other than that in which the crime was alleged to have been committed.

In Indiana, the legislature of that state gave formal recognition to that right by its enactment of a statute which provides:

"9–1308 [2242]. *New prosecution— Election as to county.*—If it shall be necessary to institute a new prosecution for the same offense after such change of venue has been taken, the defendant

in such case shall elect, when so required by the court, whether such further prosecution shall be instituted in the court to which or in that from which such change was taken; and thereupon he may be recognized to appear in the court which he elects, or be committed for want of bail, detained in custody or remanded to the county from which the change was taken, as the case may require. [Acts 1905, ch. 169, § 210, p. 584.]" § 9-1308, Burns' Indiana Statutes, 1956 Replacement.

In State ex rel. Meloy v. Barger, 227 Ind. 678, 88 N.E.2d 392, 396, where a question similar to that before us was considered, the court reversing a former contrary decision said:

"\* \* \* It was as though the original action had ended. If this be true, he stood uncharged and free, except as the court could hold him while a new prosecution was instituted, under the statute which is controlling in the case before us. While the same offense was charged, it was a new prosecution and a new cause was instituted. \* \*"

While we do not have such a statute as Indiana, we recognize the same right of the defendant to elect whether or not he desires to seek a change of venue for trial upon the indictment which was ultimately returned against him.

■ The other members of the court who concur in this opinion feel that aside from the jurisdictional defect, the case should also be reversed because the indictment upon which defendant was tried and convicted failed to charge the crime of forgery as defined by § 6-17, W.S.1957, inasmuch as the instrument relied upon by the State was neither a false record nor a false authentic matter of a public nature. To this view might be added that the instrument in question was not certified as a true and correct copy of any public record nor did it otherwise purport to be such. Be that as it may, when the lack of jurisdiction appears, the matter of the sufficiency of the indictment need not be exhaustively considered.

The judgment, conviction and the sentence imposed by the District Court of Washakie County, Fifth Judicial District, State of Wyoming, is set aside.

Reversed.

Mr. Justice PARKER dissents.