STATE EX REL., HERT *v.* NIBLACK, SPECIAL JUDGE, ETC.

[No. 30,307. Filed October 2, 1963.]

McNutt, Hurt & Blue, of Martinsville, for relator.
John L. Niblack, pro se.

MYERS, C. J.—This is an original action seeking to prohibit John L. Niblack, as Special Judge of the Morgan Circuit Court, from proceeding further in a criminal action brought against relator in that court.

On October 19, 1961, an indictment in two counts was returned by the Grand Jury of Morgan County charging relator with embezzlement in Count I and with grand larceny in Count II. Relator filed an affidavit for change of venue from the Judge, and John L. Niblack, the regular Judge of the Marion Circuit Court, was selected as Special Judge.

A motion to quash Count I was filed on April 2, 1962, and sustained on April 12, 1962. On June 1, 1962, the Prosecuting Attorney filed a motion to nolle

and dismiss Count II, giving as his reason: "For purposes of filing amended affidavit." This motion was sustained over relator's objection. The same day, an affidavit in two counts was filed by the Prosecuting Attorney charging embezzlement and grand larceny. The cause was continued "at the request of the defendant" to June 25, 1962, for arraignment or to consider any motions. Thereafter relator applied for and obtained in this court a temporary writ of prohibition against Judge Niblack, and he was ordered to show cause why the writ should not be made permanent.

It is relator's contention that the Special Judge had no further jurisdiction in the matter except to direct that Count I be resubmitted to the Grand Jury pursuant to the provisions of Burns' Ind. Stat., 1956 Replacement, §9-1130; that there could be no "amended" affidavit filed because there never was an original affidavit on file; that if an affidavit was to be filed, it could only be done by the Prosecuting Attorney under a new and different cause number before the regular Judge, because the matter over which the Special Judge had jurisdiction terminated when the motions to quash and to dismiss were sustained.

In this response, the Special Judge argues that Burns' Ind. Stat., §9-1130, *supra,* gives the Prosecuting Attorney the right to file an affidavit in the same cause when an indictment has been quashed, and that the other matters alleged fall within the maxim *"de minimis non curat lex."* He alleges that no rights of relator have been prejudiced by his acts as Special Judge.

The pertinent part of §9-1130 reads as follows:

> "If the motion to quash be sustained the defendant shall not be discharged, unless the court should be of opinion that the objection can not be avoided by a new indictment, or affidavit. And

in case an indictment or affidavit is quashed, the court shall direct the case to be resubmitted to the grand jury which found the indictment, or to another grand jury, or the prosecuting attorney may file a proper affidavit against the defendant, charging him with the offense."

Relator cites *State* v. *Taylor* (1956), 235 Ind. 632, 137 N. E. 2d 537, as authority for his contention that Count I of the indictment having been quashed, the case had to be resubmitted to the Grand Jury, and that if a new indictment should be returned, it must be filed under a new cause number and before the regular Judge of the Morgan Circuit Court. He quotes the following language from page 637 of 235 Ind., page 539 of 137 N. E. 2d:

"It seems clear that the legislative intent of the statute is that if the charge was by *indictment* and quashed, it becomes the duty of the court to 'direct the case to be resubmitted to the grand jury which found the indictment, or to another grand jury,' . . . ."

That case involved a defendant who had been charged by affidavit with reckless homicide to which a motion to quash had been sustained. The State was ordered to file an amended affidavit within a certain time, which was not done. The case was then dismissed for want of prosecution. The defendant later was indicted for involuntary manslaughter, to which a motion for discharge was filed. It was sustained by the trial court. On appeal, this court reversed, stating that a refiling of an affidavit by the State is discretionary with the Prosecuting Attorney, and not mandatory, so that the trial court exceeded its jurisdiction in directing the filing of an amended affidavit within a specified time. The holding was to the effect that

the discharge of defendant could not be justified under this section of the statute.

We do not see how the above-quoted language in the *Taylor* case, *supra,* conflicts with the legal principles applicable to the case at bar. As therein stated, if an indictment is quashed, the court has the duty of resubmitting the case to the Grand Jury which found the indictment, *or* to another Grand Jury. Then we quote the following words of the statute: " . . . *or*" [our emphasis] "the prosecuting attorney *may* file a proper affidavit against the defendant . . . ." The statute is worded in the alternative. We interpret it to mean that if the Prosecuting Attorney does not file a proper affidavit, the cause must be sent back to the Grand Jury. Otherwise a defective indictment may be cured by the filing of a proper affidavit. Consequently, the Prosecuting Attorney acted within the terms of the statute when he filed the affidavit in two counts on June 1, 1962.

Relator objects that this affidavit was termed an "amended affidavit," as there was no previous affidavit on file. Our courts look to substance rather than nomenclature. It is obvious from the record that there was no prior affidavit. The Prosecuting Attorney was intending to file a "proper" affidavit, regardless of what he labeled it. Moreover, the statute does not call for the discretionary filing of an "amended" affidavit. If it had done so, we would be inclined to look more favorably on relator's contention.

Argument is made that the cause as filed must go under a new number before the regular Judge of the Morgan Circuit Court, relator claiming that the action had ceased to exist before the Special Judge following his rulings on the motions to quash and to

dismiss. *State ex rel. Meloy* v. *Barger* (1949), 227 Ind. 678, 88 N. E. 2d 392, is cited as authority. In that case, a Special Judge had sustained a plea in abatement to an indictment. It was held he had no further jurisdiction to conduct proceedings under a new indictment as his power ended when the old prosecution terminated and a new prosecution began. Relator attempts to compare the words "quash" and "abate" as meaning the same thing. However, they are used in different sections of our Criminal Code. The controlling statute in the *Barger* case referred to the use of the words "to institute" a new prosecution for the same offense. This court decided that "institute" means to "originate and establish; to inaugurate." Thus, when a new indictment was returned in that case, a new prosecution for the same offense was instituted.

The statute involved herein does not use the word "institute." There is no reference to a new proceeding being commenced after a motion to quash has been sustained. We do not regard the *Barger* case as authority herein.

Relator cites *State ex rel. Smith* v. *Lake S.C.* (1953), 232 Ind. 291, 112 N. E. 2d 297, as a basis for his argument. That case held that a Special Judge has the power to hear and determine a cause until it is finally disposed of, but that such power does not extend to new and different proceedings. We cannot see that the charges specified in the affidavit would require new or different proceedings from those specified in the indictment, as both charge relator with embezzlement and grand larceny.

Furthermore, under our Criminal Code, the court may at any time, before, during or after the trial,

amend the affidavit or indictment in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or of the crime sought to be charged. Burns' Ind. Stat., 1956 Replacement, §9-1133. The indictment could have been amended on motion of the Prosecuting Attorney before any action was taken on the motion to quash, and without the necessity of moving to dismiss the second count of the indictment. Such amendments are authorized as a matter of right at any time before the defendant pleads, and the making of such do not terminate the prosecution and discharge the defendant from custody. *State* v. *Simpson* (1906), 166 Ind. 211, 76 N. E. 544, 1005. In that case, the court goes further and makes the following statement (pages 214, 215 of 166 Ind., page 545 of 76 N. E.) :

> "The quashing of an affidavit and information or an indictment does not *ipso facto* terminate a prosecution, but the court is required in such event to hold the defendant upon his recognizance, unless it should be 'of the opinion that the objection cannot be avoided by a new indictment or by a new amended information and affidavit.' §1829 Burns' 1901, §1760 R. S. 1881."

This language was repeated by this court in *State* v. *Anderson* (1912), 177 Ind. 437, 439, 98 N. E. 289.

Thus, the Special Judge had continuing jurisdiction over the cause, and the filing of the affidavit did not require it to be returned to the Morgan Circuit Court regular Judge as a new cause of action.

The temporary writ of prohibition is dissolved.

Achor, Arterburn and Landis, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 192 N. E. 2d 737.