LUCAS *v.* STATE OF INDIANA.

[No. 30,832. Filed February 23, 1968.]

*Hall Cochrane,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Kenneth M. Waterman,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant is here appealing from a judgment of the Hamilton Circuit Court following a trial to the court without the intervention of a jury. The appellant was found guilty and sentenced to a term of imprisonment for life in the Indiana State Prison as punishment for inflicting an injury during the commission of a robbery.

The affidavit on which appellant was tried was filed on January 29, 1965. In pertinent part the affidavit reads as follows, to-wit:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came PHILIP J. SANDERS who, being duly sworn, upon his oath says that ALEX LUCAS on or about the 24th day of FEBRUARY, A.D. 1964, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting JAMES BRAGG in fear, take from the person and possession of the said JAMES BRAGG, money, then and there of the value of thirty dollars, ($30.00) in lawful money, which money the said JAMES BRAGG then and there lawfully held in his possession and was then and there the property of ALFRED WENZ, d/b/a ENCO SERVICE and the said ALEX LUCAS while engaged in committing the robbery aforesaid, did then and there unlawfully and feloniously inflict a physical injury, to-wit: wounds in and upon the head and face of the said JAMES BRAGG, with a blunt object, the exact nature and description of which is unknown to affiant, then and there held in the hand of the said ALEX LUCAS, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant was first charged with "INFLICTING INJURY DURING THE COMMISSION OF A FELONY" by affidavit filed in the Criminal Court of Marion County, Indiana, as

cause No. CR 29460Y, on March 2, 1964. This affidavit, in pertinent part, reads as follows, to-wit:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came STANLEY MC DONALD who, being duly sworn, upon his oath says that ALEX LUCAS on or about the 24th day of FEBRUARY, A.D., 1964, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting JAMES BRAGG in fear, take from the person and possession of the said JAMES BRAGG, money, then and there of the value of thirty dollars ($30.-00) in lawful money, which money the said JAMES BRAGG then and there lawfully held in his possession and was then and there the property of RALPH WENZ, d/b/a ENCO SERVICE and the said ALEX LUCAS while engaged in committing the robbery aforesaid, did then and there unlawfully and feloniously inflict a physical injury, to-wit: wounds in and upon the head and face of the said JAMES BRAGG, with a blunt object, the exact nature and description of which is unknown to affiant, then and there held in the hand of the said ALEX LUCAS, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Capias was issued out of the Criminal Court of Marion County commanding the arrest of appellant forthwith. On the same day the return filed thereto by the sheriff showed the arrest of appellant thereon. Appellant was placed in the Marion County Jail by reason of inability to give the necessary bond, and has been in custody ever since.

On March 20, 1964, appellant in person and by counsel, waived arraignment and entered a plea of not guilty. On October 23, 1964, appellant, by counsel, requested trial by jury. The request was granted, and the cause was set for trial on February 1, 1965. On November 30, 1964, present counsel entered appearance for appellant. On January 19, 1965, appellant, by counsel, filed a verified motion for a continuance on account of inability to locate named witnesses necessary to prove defense of alibi. Such motion was accompanied by

affidavit of defense counsel that by virtue of other cases set he could not possibly try appellant's case on the day set. The court denied the verified motion for continuance. Appellant, by counsel, on January 19, 1965, served Notice of Alibi on the Prosecutor of Marion County, Indiana. On January 26, 1965, appellant, by counsel, filed a Verified Petition for Change of Venue from the Judge. Such verified petition reads in pertinent part as follows:

"Alex Lucas, being first duly sworn upon his oath deposes and says:

1. That deponent is the defendant in the above caption cause of action and cannot have a fair and impartial trial of the cause now pending against him before the Honorable Eugene Fife, the judge in the above caption court, by reason of the bias and prejudice of said judge against the defendant which said bias and prejudice the defendant says now exists by reason of the facts set out herein.

a. The defendant first discovered the above bias and prejudice when the judge overruled the defendant and his counsel's motion for a continuance of the trial date heretofore set for February 1, 1965, upon being informed by his counsel of such fact coupled with the fact that five cases on the calendar scheduled ahead of defendant's case appeared to have been continued making defendant's case the leading case on the calendar for trial on February 1, 1965. That deponent was informed of these facts on the date and day of executing and signing this affidavit by his attorney.

b. The cause above alleged was discovered by deponent's attorney upon checking with the court bailiff on the day and date of the signing of this verified petition by deponent.

c. That deponent by counsel filed his verified motion for a continuance as provided by statute concerning absent witnesses set forth that their evidence would prove 'Alibi' and that deponent was not at the scene of the crime at the time of its commission, and that the judge did not grant a hearing on said motion nor notify the Prosecuting Attorney to give him an opportunity to admit or deny the facts and purported testimony of defendant's absent witnesses but summarily overruled said motion within five minutes of the filing thereof which deponent verily believes indicates a proof of bias and

prejudice of said judge against deponent thereby preventing him from having a fair trial.

d. That said cause could not have been discovered by deponent before the date of this petition by the exercise of due diligence for the reason that deponent has been imprisoned by the Marion County authorities since the date of his arrest and held under an unreasonably high bond of $20,000.00 and has had, therefore, no means of communication with the outside world, people, or witnesses, or other opportunity to diligently ascertain the existence of the bias and prejudice and other grounds for change of venue herein set forth until informed of same and the cancellation of other prior cases on court's calendar hereinabove set forth.

2. That deponent makes and files this verified petition at the earliest possible opportunity and by reason of the facts set forth hereinabove he should be granted the relief sought herein.

WHEREFORE, deponent prays that this petition be sustained and that a change of venue from the judge be granted and for all other proper relief in the premises."

January 27, 1965, the State of Indiana filed Motion to Strike Defendant's Notice of Alibi. On January 29, 1965, the State of Indiana filed a Motion to Nolle the affidavit in cause No. CR 29460 Y. Such motion reads as follows, to-wit:

"Comes now, NOBLE R. PEARCY, Prosecuting Attorney for the 19th Judicial Circuit, and moves the Court to enter a nolle prosequi to the indictment or affidavit in the cause of the State of Indiana v. ALEX LUCAS for the following reasons, to-wit: FOR THE PURPOSE OF FILING NEW AFFDIAVIT."

The court thereupon, on said date, sustained the same in the following words: "Sustained. Said cause nolled defendant nolled ordered released as to this cause only (3:55 P.M.)."

The new affidavit filed on January 29, 1965, has been set out heretofore.

The record from which the above proceedings were abstracted relates to proceedings had in the Criminal Court of Marion County, Indiana, and appears in the transcript accom-

panying the case at bar as Exhibit A. In such exhibit we are unable to find any ruling of the Marion Criminal Court on appellant's Motion for Change of Venue from the Judge filed January 26, 1965, nor do we find therein any ruling on the State's Motion to Strike Defendant's Notice of Alibi.

The record being silent on such matters and the presumption being that the transcript is complete and speaks the truth, we are required to and do find that in cause No. CR 29460 Y the court failed to make and enter any ruling on appellant's Verified Petition for Change of Venue from the Judge, nor did it make any ruling on the motion of the State to Strike Appellant's Notice of Alibi.

The record discloses that on February 8, 1965, H. Cochrane, attorney, filed his special appearance to contest jurisdiction of the court over the appellant and subject matter.

Thereafter, on February 19, 1965, appellant filed his verified Plea in Abatement, with memorandum. Such plea reads in pertinent part as follows:

"ALEX LUCAS being first duly sworn upon his oath by way of answer in abatement deposes and says:

I

1. That on or about the 2nd day of March, 1964, the plaintiff, State of Indiana, brought its cause of action in the Criminal Court of Marion County, Room Number 1, Cause Number CR-29460 Y, against this defendant alleging the same cause of action set out in the complaint hereinabove.

2. That the parties to said action are the same as in this action.

3. That said cause is still pending in said Criminal Court Number 1 by reason of the fact that the purported dismissal or nolle of said cause by the plaintiff's lawful agents was wholly void and without legal effect for the reason that there was pending before the judge of said court a 'Verified Motion For Change of Venue From the Judge,' which said motion was filed pursuant to the laws of the State of Indiana and the rules of the Supreme Court limiting the power and authority of the judge to act in that

case to the denying, granting, or holding a hearing on said motion before said judge could take any further actions in the premises. Said motion having been filed on January 25, 1965, and the state's motion to dismiss having been filed on January 29, 1965, without any action being taken by the court on the motion for change of venue, and therefore, the Honorable Judge of said Court had no power or jurisdiction to entertain, rule upon, or grant a motion of dismissal by the plaintiff and to permit plaintiff to file over again this same cause of action in the above caption cause.

## II

That the defendant and deponent by further way of answer in abatement deposes and says:

1. That plaintiff's action in this cause is premature for the reason that there has been no final adjudication, motion for new trial, or appeal taken on the default of plaintiff in cause number CR-29460 Y now pending in this court.

2. That by reason thereof plaintiff's action in this cause is premature.

## III

That the defendant and deponent by further way of answer in abatement deposes and says:

1. That the court lacks jurisdiction of the defendant in this cause of action for at the time the above action was commenced and continuously ever since, and at the present time, defendant was being held a prisoner in Marion County Jail under cause number CR-29460 Y being a criminal cause of action identical to the present cause of action and still pending in the Marion County Criminal Court No. 1, and that otherwise the defendant is not a resident of Marion County but a resident of the State of Kentucky.

2. That by reason of the facts aforesaid the court lacks jurisdiction of the person of the defendant for the purposes of this action for the reason that the capias & warrant issued in the present cause by this court was served on defendant while still a prisoner of the Marion County Sheriff under the aforesaid cause number and defendant did not voluntarily appear in this cause.

## IV

That the defendant and deponent by further way of answer in abatement deposes and says:

1. That at the time this action was filed there was still pending against the defendant under cause number CR-29460 Y an identical criminal action in this same court undisposed of on a motion for change of venue from the judge.

2. That by reason of the facts aforesaid the court lacks jurisdiction of the subject matter of this second and present criminal cause of action and wholly lacks capacity to issue a capias and warrant for the further arrest and a confinement of the defendant.

WHEREFORE, deponent and defendant herein for the various causes and reasons hereinabove stated prays that this action abate with costs versus the plaintiff and all other proper relief in the premises.

## MEMORANDUM

Pursuant to Burns' Section 2-1034 and annotations thereunder and Loews Revisions of 'Laws and Practice,' Volume I, sections 15.1 to 15-21 and Volume V, Chapter 6, pages 45, 46, 52 and 53; counsel would argue and show the Court that there is a prior action pending between identical parties and identical subject matter in this Court under Cause Number CR-29460 Y, wherein the plaintiff is now in default by reason of the facts stated hereinabove.

The original case was set for trial by this court and the defendant filed for continuance by verified motion under the law of absent witness. The court failed to grant a hearing on said motion but took it in its discretion to overrule and thereupon the defendant as soon thereafter as was possible presented his verified petition for change of venue from the judge when it became obvious that other cases set for trial on the same date ahead on the calendar of defendant's case were not going to be tried which was done in compliance with rule 1-12C of the Supreme Court of Indiana, adopted June 1963.

## AUTHORITIES:

1. When a proper application for change of venue from the judge is made it must be granted—Merslon versus State, 44 Indiana 598, Manly versus State, 52 Indiana 215, Duggins Versus State 66 Indiana 350, Woodsmall versus State, 181 Indiana 613, 105 N. E. 155, Shaw versus State 196 Indiana 39, 146 N. E. 855.

2. In an application in a criminal case for change of judge, the defendant alone, and not the judge, determines the question of whether or not he shall have a change of judge—Barber versus State, 197 Indiana 88, 149 N. E. 896. *This case further sustains the filing of such motion 'at the earliest time possible' as in the instant action.*

3. See also Beck versus State, 241 Indiana 231, 171 N. E. 2nd 696—sustaining the above and holding, there is an absolute right to change of judge in criminal cases.

The trial court held jurisdiction in CR-29460 Y for purpose of granting or denying application for change of venue or to set a hearing thereon or receive and review counter-affidavit on the issues presented *but* no jurisdiction to entertain or rule upon or sustain a nolle or motion to dismiss by the prosecuting attorney so long as the motion for change was pending and not acted upon as in the instant case, see Rule 1-12C of the Supreme Court of Indiana.

The action of the State of Indiana is premature in the premises as the old original case was still pending and not appearing on face of present complaint, it must be attacked by plea in abatement.

## ANNOTATION:

1. Laporte versus Scott, 166 Indiana 78, 76 N. E. 878.

2. Ewbanks Indiana Criminal Law, Volume I, page 142, section 247; and, Stevens versus State 230 Indiana 518, 105 N. E. 2d 332, Know versus State 164 Indiana 226, 73 N. E. 255.

The Court lacked jurisdiction of Defendant at time instant action was commenced as defendant was at said time a resident of the State of Kentucky and had no place of business or domicile in the State of Indiana but was served while being unlawfully held prisoner by the Sheriff of Marion County against his will.

## ANNOTATIONS:

1. Lowe's Revision of Work's Indiana Practice Pleading, etc., Volume I, section 15.11 and Cushman Motor Delivery Company versus McCabe, 219 Indiana 156, 36 N. E. 2nd 769.

2. Smith versus State, 188 Indiana 501, 124 N. E. 698—Ewbanks, Volume supra., State Ex Rel Grimm versus Noble Circuit Court, 183 N. E. 2nd 599.

That by reason of points propositions and annotations in above stated the Plea in abatement should be sustained and defendant discharged from custody for violation of his Constitutional Rights."

To the above Plea in Abatement the State of Indiana filed a demurrer. Thereafter the court, without sustaining the demurrer or otherwise acting on it, overruled appellant's Plea in Abatement.

Appellant's Motion For New Trial, omitting formal parts thereof and signatures thereto, reads as follows:

"Comes now the defendant in the above entitled cause and moves the court for a new trial thereof upon the following grounds and upon the following reasons:

1. Irregularities in the proceeding of the court and orders of the court by which the defendant was prevented from having a fair trial in this, to-wit:

a. The court erred in proceeding to trial without first having the defendant arraigned or ascertaining if the defendant waived arraignment.

b. The court erred in overruling the defendant's Motion to Dismiss for Lack of Jurisdiction.

2. For newly discovered evidence material to this defendant which could not with reasonable diligence have been discovered and produced at the trial the particulars whereof fully appear in the affidavit of one Mrs. Lee Bowman, a witness in said cause, attached hereto and made a part hereof and marked Exhibit 'A.'

3. Error of law occurring at the trial in this, to-wit:

a. The court erred in overruling the defendant's Motion for Discharge and judgment and verdict in favor of the defendant made at the close of the plaintiff's case for the reasons set forth in the record.

b. The court erred in overruling the defendant's Motion to Exclude State's Exhibit 5 and crime laboratory testimony pertaining thereto for the reasons given in the record at the close of all the evidence and for failure of the State to establish beyond a reasonable doubt that Exhibit 5 was properly identified and was in fact part of the clothing worn by the defendant on the day of the crime.

c. The court erred in overruling the defendant's final motion for discharge and finding and judgment in favor of the defendant for the reasons stated in the record and for failure of the plaintiff to meet its burden of proof and establish beyond a reasonable doubt the facts necessary to establish a prima-facie case in view of the conflicting testimony of the State's witness and the time element and proof of alibi by the defendant. And for the further reason of the failure of the State to produce as its witness the prosecuting witness that signed the affidavit and whose name with others appeared on the affidavit as State's witnesses who were not called by the State to the stand thereby raising a presumption that their testimony would be adverse to the making of a prima-facie case by the State of Indiana.

4. Error of law occurring at the trial based upon rulings of the court as shown together with the objections and the evidence and testimony in the Bill of Exceptions in the record as a Bill of Exceptions.

5. That the finding of the court and judgment is contrary to law.

6. That the verdict, judgment, and finding of the court is not sustained by sufficient evidence.

WHEREFORE, the defendant prays the court for a new trial of said cause and for all other proper relief in the premises."

Appellant's Assignment of Errors, omitting formal parts and signature, is as follows:

"1. The Court erred in overruling appellant's Motion For New Trial and committed other errors at law herein set out.

2. The judgment of the Court is not supported by sufficient evidence and is contrary to law.

3. The Court lacked jurisdiction to try the cause and render judgment."

The only question we need consider here is whether or not after appellant filed his Petition For Change of Venue From the Judge the court had jurisdiction to do anything other than rule on the motion. The record is uncontradicted that after the filing of the Verified Petition For Change of Venue

from the Judge on January 26, 1965, by appellant, the State of Indiana, on January 29, 1965, filed its Motion to Nolle and the court immediately sustained the same.

From the time appellant's Petition For Change of Venue from the Judge was filed the regular judge was without jurisdiction other than to rule on that petition. The regular judge did not have jurisdiction to sustain the State's Motion to Nolle. *Weer* v. *State* (1941), 219 Ind. 217, 37 N. E. 2d 537.

Since the first affidavit filed against appellant has never been legally dismissed, that charge is still pending in the Criminal Court of Marion County. Therefore, appellant's plea in abatement should have been sustained.

Judgment is reversed, and the cause is remanded to the trial court with instructions to grant appellant's motion for new trial and for further proceedings not inconsistent with this opinion.

Judgment reversed.

Hunter and Mote, JJ., concur.

Arterburn, J., dissents with opinion in which Lewis, C. J., concurs.

### DISSENTING OPINION

ARTERBURN, J.—The majority opinion holds that the court lost jurisdiction of the original charge which was filed (and later dismissed) because an affidavit for change of judge was filed on January 26, 1965. The record, however, shows that the appellant pleaded not guilty on March 20, 1964, and the time had long ago expired within which the defendant had a right to file an affidavit for change of venue and there was no automatic loss of jurisdiction.

The State filed a second charge after the first was dismissed. It was pending and thereafter the appellant filed a plea in abatement, which was overruled. The motion for a new trial does not set up any question on the issue of lack of

jurisdiction or the plea in abatement, and accordingly the claimed error in the ruling on such matter is not before this Court for review. Incidentally, the appellant even failed to include in his plea in abatement any allegation with reference to the motion for change of venue in the prior case.

For the reasons stated, I must dissent from the majority opinion.

Lewis, C. J., concurs.

NOTE.—Reported in 233 N. E. 2d 770.