FLOYD L. SWINEHART AND HARRISON EUGENE WELLS *v.* STATE OF INDIANA.

[No. 1076S351. Filed June 1, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Bobby Jay Small, David P. Freund,* Deputy Public Defenders, *Jerrilee P. Sutherlin,* Research Assistant, for appellant.

*Theodore L. Sendak,* Attorney General, *Jack R. O'Neill,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendants (Appellants) were jointly charged with two counts of safe burglary, Ind. Code § 35-1-61-1 (Burns 1975), and two counts of theft of more than one

hundred dollars, Ind. Code § 35-17-5-1 *et seq.* (Burns 1975). In addition, the defendant Wells was charged with being an habitual criminal, Ind. Code § 35-8-8-1 (Burns 1975). After a trial by jury, both defendants were found guilty upon all charges of burglary and theft, a bifurcated trial was had and Wells was judged to be an habitual criminal. Both defendants were sentenced to imprisonment for not less than five years nor more than ten years upon each burglary conviction and to terms of not less than one nor more than ten years upon each theft conviction. Defendant, Wells, was further sentenced to life imprisonment upon the habitual criminal verdict. This joint appeal presents the following issues:

(1) Are the judgments void for want of jurisdiction of the trial judge who presided?

(2) Did the trial court err by denying the defendants' motion to dismiss the indictment?

(3) Did the trial court err in sentencing the defendant Wells upon the robbery and theft verdicts in addition to the sentence upon the habitual criminal verdict?

(4) Did the trial court err by refusing to grant an in-trial motion for a continuance or, in the alternative, to appoint counsel other than the lawyer then representing the defendant?

(5) Was the defendant denied his constitutional rights to a fair trial?

## ISSUES I & II

Defendants had been previously charged by an indictment that was defective as to two counts. They had been arraigned, perfected a change from the regular judge and entered pleas of not guilty. Upon discovering the defect, the State procured a new indictment for the offenses, filed it before the regular judge and on the same day filed a motion to dismiss the prior indictment. Thereafter, the defendants filed objections to the dismissal of the prior indictment pursuant to Ind. Code § 35-3.1-1-4 (Burns 1975), and followed such action with a motion filed before the regular

judge to dismiss the new indictment because of the pendency of the causes of action under the first indictment. In this connection, it is noted that the motion to dismiss the first indictment had not been ruled upon. Nor does the record indicate that either it or the objection to dismissal had ever been called to the attention of the special judge. This appears to be immaterial, however, inasmuch as the special judge had no alternative under the statute, Ind. Code § 35-3.1-1-13 (Burns 1975), but was required to dismiss the indictments; *Maxey* v. *State*, (1976) 265 Ind. 244, 353 N.E.2d 457; and the basis alleged for the dismissal of the second indictment was not proper ground for dismissal. Causes for dismissal are enumerated in Ind. Code § 35-3.1-1-4 (Burns 1975) and the pendency for another action, where jeopardy has not attached, is not among them.

The defendants' pleading denominated "Objection to Motion to Dismiss" and filed in response to the State's motion to dismiss the first indictment was a nullity in this case. Such objections are inappropriate except where jeopardy has attached, and the right to protest a subsequent prosecution for the same crime would, otherwise, be waived.

The claim of the defendants that the regular judge was without jurisdiction to proceed in the case following his initial removal is premised upon our holding in *Lucas* v. *State*, (1968) 249 Ind. 637, 233 N.E.2d 770. In that case, however, the removed judge had purported to act in the case with respect to which the change motion had been filed. In the matter before us, although the second indictment was for the same offenses as the first, it, nevertheless, constituted a different case, "a new prosecution." This is in accord with the holding in *State ex rel. Meloy* v. *Barger*, (1949) 277 Ind. 678, 88 N.E.2d 392; although it appears to be at odds with our holding in *State ex rel. Hert* v. *Niblack, Special Judge, etc.*, (1963) 244 Ind. 338, 192 N.E.2d 737.

Of greater significance than either of the aforesaid cases, however, is the defendants' failure to object in any manner to

proceeding before Judge Tolen, the regular judge. In fact, they expressly subjected themselves to his jurisdiction by filing the aforementioned motion to dismiss before him. Their reliance upon authorities cited in support of this argument that Judge Tolen was without jurisdiction relate to issues of "subject matter" jurisdiction and are misplaced here. We have consistently held that when his authority is not questioned at the time a judge sits in a cause, all objections thereto are deemed waived. *Gordy* v. *State,* (1974) 262 Ind. 275, 315 N.E. 2d 362 and cases there cited. If we deem the second indictment a new case, the defendants were entitled to their optional change of judge. If we deem the second indictment an following proceedings to be but a continuance of the proceedings under the first indictment, it was incumbent upon the defendants to object when Judge Tolen reappeared after having been removed which they did not do. Under either hypothesis, the right to object has been waived.

## ISSUE III

Following the return of the guilty verdicts upon the safe burglary and theft counts, a trial to the jury was had upon the habitual criminal count against the defendant, Wells, and it was determined that he had been twice previously convicted, sentenced and imprisoned, as charged. Thereupon, he was sentenced to life imprisonment, which was a sentence in addition to those imposed upon the burglary and theft convictions.

In this, the trial court was in error. The life sentence provided by the habitual criminal statute is an enhanced punishment for the underlying offense committed by those who have been twice previously convicted, sentenced and imprisoned for felonies. *Eldridge* v. *State,* (1977) 266 Ind. 134, 361 N.E.2d 155.

## ISSUE IV

On the day the trial proceeded to the presentation of evidence of Wells' prior felony convictions, sentences and im-

prisonments, he stated his desire to discharge his retained counsel, requested permission to proceed to trial *pro se* and then qualified his request by moving the court to appoint an attorney as "co-counsel." In the alternative, Wells requested a continuance to retain new counsel to act in an advisory capacity. The judge stated that his full request would not be granted but ordered Wells' retained counsel to remain before the bar and allowed Wells to act as his own co-counsel with his previously retained counsel. Defendant now argues that the trial court violated his rights as guaranteed by the Sixth Amendment to the Constitution of the United States.

It is clear that an indigent defendant has a constitutional right to be represented by counsel at state expense. *State ex rel. Grecco* v. *Allen Circuit Court, et al.,* (1958) 238 Ind. 571, 153 N.E.2d 914. It is equally clear that a criminal defendant has a constitutional right to proceed *pro se* if he wishes to do so and if he understands the risk involved. *Faretta* v. *California,* (1975) 442 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.

However, a criminal defendant has no absolute right to have it both ways. Hybrid representation is the term used when the duties of trial advocacy are shared by a defendant and his attorney, or when a defendant proceeds *pro se* with an attorney in an advisory capacity, and it is a matter to be allowed or denied by the trial court in the exercise of its discretion. *Bradberry* v. *State,* (1977) 266 Ind. 530, 364 N.E.2d 1183. But since the trial court allowed the defendant to proceed with hybrid representation, the only issues before this Court are whether the court erred by denying the motion for a continuance and by refusing to appoint other counsel.

Although the right of a defendant in a criminal trial to act as his own lawyer is unqualified if invoked prior to the start of the trial, once trial has commenced with representation, his right thereafter to discharge counsel and represent himself is sharply curtailed. The determination of whether the possible prejudice to the

defendant is so great as to warrant disrupting the proceedings already in progress rests in the sound discretion of the trial judge. *United States* v. *Catino*, (1968) 403 F.2d 491.

The trial judge would have been warranted in denying the defendant leave to discharge his attorney, and, in effect, this was done, inasmuch as he remained in a standby or advisory capacity. The circumstances were altogether different in the case before us than in the *Faretta* case, *supra*, where the court had forced counsel upon the defendant over his timely protest.

Even if we assume error in the court's denial of a continuance or in the appointment of counsel with whom the defendant had become disenamored, there has been no showing or claim of harm. Technical errors or defects which are not shown to have prejudiced an accused's substantial rights will not suffice to permit a reversal. Ind. Code § 35-1-47-9 (Burns 1975), *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686. Nothing remained to be done in the proceedings but the presentment of evidence of Wells' prior felony convictions, sentences and imprisonments. It would be ludicrous to believe that either a delay in the proceedings or different counsel would have thwarted the State's proof upon this issue or altered the verdict.

## ISSUE V

Incriminating evidence was obtained by search made upon a warrant that allegedly had been issued upon a deficient affidavit. The grounds for the in-trial objection, however, were that the item seized was not enumerated in the warrant. Grounds for objection to the admissibility of evidence relied upon on appeal must be the same as those urged in the trial. *Beasley* v. *State*, (1977), 267 Ind. 396, 370 N.E.2d 360, 364. That the evidence may have been obtained in violation of the defendant's constitutional rights to be protected against unlawful search and seizure does not elevate the issue to the status of fundamental

error that may be raised for the first time on appeal. Defendant concedes this, but asserts that the admission of such evidence, combined with other errors presented on this appeal and others yet that were not preserved bring the case within the purview of *Wilson* v. *State*, (1943) 222 Ind. 63, 51 N.E.2d 848, wherein we said:

> "* * * Ordinarily procedural rules must be observed by litigants and may not be ignored by reviewing courts. To hold otherwise would invite appeals and violate precedents that have given necessary order and stability to our appellate practice. But when it is made to appear by a record before us that a so-called trial did not meet the requirements of due process of law, it is within the power of this court to take cognizance of the errors that resulted in depriving the appellant of his constitutional rights. When, as here, there has been such a lack of representation as to be equivalent to or worse than no representation whatsoever and as a result thereof the judge misused the opportunity thus given to impress upon the jury his view that the defendant was guilty and ought to be convicted, we are left with no alternative but to exercise the power that is in this court to remand the cause for such a trial as will not deny but will afford to the accused the protection guaranteed by our Bill of Rights and the Constitution of the United States."

The record before us, however, does not disclose that the defendant's trial did not meet the requirements of due process and many of the alleged errors are supported by nothing more than the defendant's accusations of bias, incompetence and misconduct made following the return of the guilty verdicts upon the burglary and theft charges.

The cause is remanded to the trial court with instructions to vacate all sentences imposed on Defendant Wells except the life sentence. In all other respects, the judgment of the trial court is affirmed.

Givan, C.J., and Hunter, J., concur; DeBruler, J., concurs in result; Pivarnik, J., concurs and dissents with opinion.

## CONCURRING AND DISSENTING OPINION

PIVARNIK, J.—I concur in the majority opinion in all respects except the determination of sentencing.

I think the imposition of the first sentence should have been a life sentence as a habitual criminal, and the remaining three as provided by statute. Thus, only the first sentence for safe burglary should be vacated.

NOTE.—Reported at 376 N.E.2d 486.