**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 04 2014, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON L. SWOPE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 12A02-1403-CR-155 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLINTON SUPERIOR COURT
The Honorable Justin H. Hunter, Judge
Cause No. 12D01-1310-FB-992

**December 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Jason L. Swope appeals his convictions for class B felony dealing in methamphetamine and class D felony possession of chemical reagents or precursors with intent to manufacture a controlled substance. He argues that the charging informations were inadequate, that the trial court abused his discretion in denying his motion to suppress evidence seized from his apartment and in excluding documents purportedly showing that he was no longer in possession of the apartment from which the evidence was seized, and that the evidence is insufficient to support his convictions. We conclude that Swope did not preserve his challenge to the adequacy of the charging informations because he failed to file a motion to dismiss them. We likewise conclude that Swope waived his claim that the evidence seized from his apartment was improperly admitted because he failed to object to the evidence at trial. We also conclude that the trial court did not abuse its discretion in excluding Swope's documents and that the evidence is sufficient to support his convictions. Therefore, we affirm.

**Facts and Procedural History**

The evidence most favorable to the convictions follows. On September 30, 2013, Swope asked William Lawson to drive him to Lafayette. Swope wanted to buy Sudafed to make meth. Over the past two years, Lawson had taught Swope how to make meth and had supplied him with the ingredients to make meth. Lawson drove his silver Mazda pickup truck to Swope's apartment at 552 South Columbia Street in Frankfort. Lawson had been to Swope's apartment several times before. Lawson went to the same apartment he had in the

2

past and knocked on the door. Swope opened the door, and Lawson smelled anhydrous ammonia, which he knew was a chemical used to make meth.

Lawson and Swope drove to Lawson's residence. There, they each smoked their own meth. Lawson and Swope then drove to Lawson's girlfriend's place. Lawson parked on the street. Swope left, and Lawson sat in the truck for about an hour. Swope returned with Aaron and Paige Shafer. Paige had agreed to buy Sudafed. Paige and Aaron rode in the front of the truck with Lawson, and Swope rode in the truck bed, which was covered by a camper shell. They went to a few pharmacies, but none of them had the right type of Sudafed. Swope told Lawson that he was in a hurry to get home because he had left "muriatic acid near an already cooked [meth] lab." Tr. at 291. Paige bought a package of Sudafed at a West Lafayette Walgreens.

West Lafayette Police Officer Jeffrey Spicer received a dispatch that a female, later identified as Paige, had come into the West Lafayette Walgreens, asked about Sudafed, left the pharmacy to talk to two men in a pickup truck, and then came back in the store and bought Sudafed. Officer Spicer saw a truck that matched the description he received leaving the Walgreens parking lot. He observed that the truck did not have a functioning license plate light and pulled the truck over.

Officer Spicer collected identification from Lawson, Paige, and Aaron. He observed a fourth person, Swope, in the truck bed. While Officer Spicer spoke to Swope, West Lafayette Police Officer Jonathan Morgan observed Aaron making furtive gestures with his hands. Officer Morgan asked Aaron to stop. When Aaron failed to comply, Officer Morgan

3

asked the occupants to get out of the truck. As they were getting out, Officer Morgan saw a bag containing a white substance, later identified as meth, lying on the floorboard near the passenger seat. Lawson, Paige, Aaron, and Swope were transported to the police station and interviewed.

West Lafayette Police Department Detective John Eager interviewed Swope. Swope told Detective Eager that he lived at 552 South Columbia Street, apartment 4 in Frankfort. Detective Eager also interviewed Lawson, who admitted that the meth found in the truck was his. He explained that Swope gave him the meth in repayment for things that Lawson had given him, including lye, an ice pack, and Coleman fuel to make meth. Lawson also told Detective Eager that there was a one-pot meth lab in Swope's apartment. *Id*. at 306. Meth is made with "volatile" and "flammable" ingredients, and the manufacture of meth may result in explosions and fires. *Id*. at 394, 396, 399. Due to the exigent nature of Lawson's information, Detective Eager contacted Frankfort Police Department Detective William Hackerd, who in turn sent police to 552 South Columbia Street, apartment 4.

Frankfort Police Department Detective Van Jason Albaugh arrived at the scene and kicked in the door to apartment 4. He was immediately overcome by the odor of a meth lab. He did not enter because he knew it was a "very dangerous situation for someone to go in without proper [] respirators." *Id*. at 333. Firefighters in safety gear entered the apartment to assist anyone inside and to stabilize any hazards. The police evacuated the entire apartment building.

4

Detective Hackerd arrived and entered apartment 4. He saw a bottle of muriatic acid sitting next to a bottle with residue from a one-pot meth lab. *Id*. at 375. The Indiana State Police Hazmat Team arrived to photograph the scene and remove the evidence. *Id*. at 364. In addition to the aforementioned items seen by Detective Hackerd, State Trooper Brock Russell recovered isopropyl rubbing alcohol, a box of pseudoephedrine, several two-liter bottles containing meth residue, a glass jar containing a plastic tube and meth residue, and a digital scale, all of which are used to make meth. *Id*. at 414-19, 421-22. Based on this evidence as well as his training and experience, Trooper Russell was certain that someone had manufactured meth in apartment 4. *Id*. at 431. There was also a picture frame on the wall displaying photographs of Swope. *Id*. at 415; State's Ex. 10.

The State charged Swope with class B felony dealing in methamphetamine and class D felony possession of chemical reagents or precursors with intent to manufacture a controlled substance. Swope moved to suppress the evidence found in his apartment, which he argued had been seized in violation of his federal constitutional rights against unreasonable search and seizure. The trial court denied his motion. At trial, Swope did not object to the evidence. Swope offered two documents that purportedly showed that he had been evicted from apartment 4 and had vacated the apartment at the time of the alleged offenses. Defendant's Exs. A and B. The trial court excluded both documents. *Id*. at 454. A jury found Swope guilty as charged. He appeals.

**Discussion and Decision**

**Section 1 – Charging Informations**

Swope argues that the charging informations failed to comply with Indiana Code Section 35-34-1-2, which provides in relevant part, "The indictment or information shall be in writing and allege the commission of an offense by: … (7) stating the place of the offense with sufficient particularity to show that the offense was committed within the jurisdiction of the court where the charge is to be filed." The State asserts that Swope waived this claim of error because he did not file a motion to dismiss. We agree with the State.

"'The proper method to challenge deficiencies in a charging information is to file a motion to dismiss the information, no later than twenty days before the omnibus date.'" *Leggs v. State*, 966 N.E.2d 204, 207 (Ind. Ct. App. 2012) (quoting *Miller v. State*, 634 N.E.2d 57, 60 (Ind. Ct. App. 1994)); Ind. Code §§ 35-34-1-4, 35-34-1-6. "Generally, a failure to challenge a defective charging information by way of a motion to dismiss before the trial court waives any such challenge on appeal." *Neff v. State*, 915 N.E.2d 1026, 1030 (Ind. Ct. App. 2009), *aff'd on reh'g*, 922 N.E.2d 44, 45 (Ind. Ct. App. 2010), *trans. denied*.

Swope claims that Section 35-34-1-2 itself refers to "jurisdiction," and a jurisdictional issue may be raised anytime. It is true that *subject matter* jurisdiction may not be waived. *Truax v. State*, 856 N.E.2d 116, 122 (Ind. Ct. App. 2006). But Swope's claim is not a challenge to the trial court's subject matter jurisdiction. Subject matter jurisdiction is the power of a court to hear and decide the general class of actions to which a particular case belongs. *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006). Swope is not claiming that the

6

Clinton Superior Court does not have the authority to adjudicate criminal cases. Rather, he is challenging the adequacy of the charging informations in stating the places where the offenses occurred. This is an alleged procedural error which does not implicate subject matter jurisdiction. *Id*. at 541-42. Because Swope failed to file a motion to dismiss the charging informations, we conclude that he has waived his challenge to their adequacy.

**Section 2 – Admission of Evidence**

Swope contends that the trial court erred in denying his motion to suppress the evidence found in his apartment. He asserts that the evidence was seized in violation of the protection against unreasonable search and seizure guaranteed by the Fourth Amendment of the U.S. Constitution. However, Swope did not object to the evidence at trial. "A contemporaneous objection at the time the evidence is introduced at trial is required to preserve the issue for appeal, whether or not the appellant has filed a pretrial motion to suppress." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). "The purpose of this rule is to allow the trial judge to consider the issue in light of any fresh developments and also to correct any errors." *Id*. Therefore, Swope did not preserve his challenge to the admissibility of the evidence.

"A claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred." *Id*. The fundamental error rule is "extremely narrow" and applies "only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and which violation is so prejudicial to the

7

rights of the defendant as to make a fair trial impossible." *Jewell v. State*, 887 N.E.2d 939, 942 (Ind. 2008). "But an error in ruling on a motion to exclude improperly seized evidence is not per se fundamental error." *Brown*, 929 N.E.2d at 207. *See also Swinehart v. State*, 268 Ind. 460, 466-67, 376 N.E.2d 486, 491 (1978) ("That the evidence may have been obtained in violation of the defendant's constitutional rights to be protected against unlawful search and seizure does not elevate the issue to the status of fundamental error that may be raised for the first time on appeal."). Our supreme court has stated that the fundamental error exception may be applicable to the improper admission of illegally seized evidence where there is a "claim of fabrication of evidence or willful malfeasance on the part of the investigating officers," or if the evidence "is not what it appears to be." *Id*. Swope does not make any such allegations. Accordingly, we conclude that there was no fundamental error.

### Section 3 – Exclusion of Evidence

Swope next argues that the trial court abused its discretion in excluding his eviction documents. One document was a June 24, 2013, writ of possession adjudging that J & S Rentals was entitled to apartment 4 and ordering Swope to vacate the premises. Defendant's Ex. A. The other was a July 12, 2013, judgment stating that Swope had vacated the premises and ordering him to pay J & S Rentals $2250. Defendant's Ex. B. Both were certified records from the Clinton Superior Court. The trial court excluded both documents because they were inconsistent with evidence that Swope was still in possession of apartment 4 at the time of the offenses. Tr. at 454.

8

The admission of evidence is within the trial court's sound discretion and is reviewable only for an abuse of that discretion. *State v. Chavez*, 956 N.E.2d 709, 712 (Ind. Ct. App. 2011). A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Id*. In reviewing the trial court's decision, we do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Herron v. State*, 991 N.E.2d 165, 168 (Ind. Ct. App. 2013), *trans. denied*. "However, we must also consider the uncontested evidence favorable to the defendant." *Id*. A trial court's ruling on the admissibility of evidence will be upheld if it is sustainable on any legal theory supported by the record. *Gonser v. State*, 843 N.E.2d 947, 949 (Ind. Ct. App. 2006).

Swope concedes that the documents are hearsay[1] but argues that they were admissible pursuant to Indiana Evidence Rule 803(15), which provides that the following is an exception to the hearsay rule: "[a] statement contained in a document that purports to establish or affect an interest in property if the matter stated was relevant to the document's purpose - *unless later dealings with the property are inconsistent with the truth of the statement or the purport of the document*." (Emphasis added.)

Here, Detective Eager testified that during Swope's interview on October 1, 2013, Swope told him that he lived at 552 South Columbia Street, apartment 4. Tr. at 234. Lawson testified that he had been to Swope's apartment on Columbia Street several times and that he

---

[1] Hearsay is a statement that "(1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801. Generally, hearsay is inadmissible. Ind. Evidence Rule 802.

went to the same apartment on September 30, 2013, and Swope answered the door. *Id*. at 273, 276. Franklin Police Officer Chad Walker testified that he knocked on the door of apartment 4 on the night of August 13 or the early morning hours of August 14, 2013, and Swope answered the door. *Id*. at 451-52. Trooper Russell testified that photographs of Swope were hanging on the wall of the apartment. *Id*. at 415; State's Ex. 10. Swope's argument is a request to reweigh the evidence, which we must decline. We find no abuse of discretion in the trial court's decision to exclude the eviction documents.

### Section 4 – Sufficiency of the Evidence

Finally, Swope asserts that the evidence is insufficient to support his convictions. Our standard of review is well settled:

> [When] reviewing the sufficiency of the evidence needed to support a criminal conviction[,] ... we neither reweigh evidence nor judge witness credibility. We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt.

*Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008) (citations omitted).

To convict Swope of class B felony dealing in methamphetamine, the State was required to prove beyond a reasonable doubt that Swope knowingly or intentionally manufactured methamphetamine, pure or adulterated. Ind. Code § 35-48-4-1.1(a)(1); Appellant's App. at 20. To convict Swope of D felony possession of chemical reagents or precursors with intent to manufacture a controlled substance, the State was required to prove beyond a reasonable doubt that Swope possessed two or more chemical reagents or precursors; specifically, ether, lithium metal, muriatic acid, sodium hydroxide, and

10

ammonium nitrate, with the intent to manufacture methamphetamine. Ind. Code § 35-48-4-14.5(e); Appellant's App. at 21.

Swope argues that the evidence against him consists entirely of Lawson's testimony, which he suggests was untrustworthy because Lawson wanted to avoid criminal charges. First, even if Lawson's testimony was the sole evidence against him, judging his credibility was the province of the factfinder. Appellate courts do not judge the credibility of witnesses. Second, Swope ignores the substantial evidence that he was living in apartment 4 and the evidence showing the manufacture of meth and the ingredients used to make meth that police found there. Swope's argument invites us to reweigh the evidence, an undertaking outside our authority. We conclude that the evidence is sufficient and therefore affirm Swope's convictions.

Affirmed.

RILEY, J., and MATHIAS, J., concur.