## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2019, 7:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert D. Goodwin, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 8, 2019 <br><br> Court of Appeals Case No. 19A-CR-275 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Stephen R. Bowers, Judge <br><br> Trial Court Cause No. 20D02-1805-F5-160 |

**May, Judge.**

[1] Robert D. Goodwin appeals his conviction of Level 5 felony carrying a handgun without a license.[1] Goodwin argues the trial court abused its discretion when it admitted video evidence of him discussing an outstanding warrant in an unrelated matter, because the admission of that evidence violated Indiana Evidence Rule 404(b) and the trial court's order *in limine*. We affirm.

## Facts and Procedural History

[2] On May 21, 2018, Officer Jared Davis and Officer Lauren Adams, who were in separate cars, were conducting surveillance on a known drug house. As they were conducting surveillance, they observed a maroon Chrysler driving away from the house. The vehicle presented two infractions that could justify a traffic stop: (1) portions of the license plate were unreadable from less than fifty feet during the day, because the plate was affixed beneath a dark-tinted plastic holder; and (2) the vehicle failed to signal its intention to turn left at least 200 feet prior to turning. Officer Davis initiated a traffic stop.

[3] As soon as Officer Davis turned on his emergency lights, the passenger door of the vehicle opened, and the passenger jumped out before the vehicle came to a complete stop and ran away extremely quickly. Officer Davis observed the fleeing passenger to be an African-American male, with dreadlocks, wearing a blue/white/black striped jacket. Officer Davis radioed that the passenger was

---

[1] Ind. Code § 35-47-2-1 (2017).

fleeing from the stop, but he was staying with the driver of the car. Officer Davis also reported identifying information about the fleeing passenger.

[4] Officer Adams was close to the area, so she began looking for the passenger who fled. She briefly lost sight of the passenger as he ran between an alley and a house, but she was flagged down by a frantic resident waving, pointing, and stating "he's running that way." (App. Vol. II at 15.) Officer Adams turned onto the next street and observed an African-American male, with dreadlocks, wearing a blue/white/black striped jacket, walking normally down the street. Officer Adams approached the individual in order to investigate and ordered the individual, later identified as Goodwin, to his knees and handcuffed him.

[5] Seconds after detaining Goodwin, a witness called Dispatch stating she saw an African-American male, wearing a blue/white/black striped jacket, remove a silver handgun with black grips from his waist band. Officers located two handguns nearby, and one of them matched the caller's description. The two handguns were seized as evidence, and officers arrested Goodwin for carrying a handgun without a license. A criminal history report on Goodwin revealed a prior felony conviction for carrying a handgun without a license.

[6] On May 24, 2018, the State charged Goodwin with Class A misdemeanor carrying a handgun without a license. Due to his prior conviction of possession of a handgun without a license, the State filed an Information alleging Goodwin was subject to enhancement of his crime to a Level 5 felony. Prior to trial, Goodwin moved for the court to exclude:

1. Any character evidence regarding Defendant in the following forms: (1) other wrongs; (2) prior bad acts; and (3) non-charged conduct or criminal offenses not reduced to convictions and admissible pursuant to Indiana Rules of Evidence 404(b) or 609;

(*Id*. at 30). After hearing arguments on the motion, the trial court granted Goodwin's motion *in limine*.

[7] On December 11, 2018, a jury was impaneled and trial began. During trial, the State moved to admit a video from Officer Adams' body camera. Defense counsel objected to the entire video on relevance grounds and to a portion of the video on Evidence Rule 404(b) grounds because in a portion Goodwin referenced a warrant from an unrelated matter. Specifically, in those four seconds, Goodwin said, "I thought I had a warrant." (Tr. Vol. III at 22.) The court overruled the relevance objection and admitted the video with the four seconds that reference the warrant redacted. Before the video was played for the jury, however, defense counsel notified the court that Goodwin insisted the entire video be published to the jury without redaction, which was contrary to counsel's advice. After confirming Goodwin truly wanted the entire video to be published, the trial court played the entire video for the jury.

[8] At the close of trial, the jury found Goodwin guilty of carrying a handgun without a license. Subsequently, Goodwin pled guilty to having a prior handgun conviction, which elevated his conviction to a Level 5 felony. The trial court sentenced Goodwin to an aggravated sentence of five-and-a-half years.

# Discussion and Decision

[9] The admission or exclusion of evidence rests within the sound discretion of the trial court, and we review for an abuse of discretion. *Conley v. State*, 972 N.E.2d 864, 871 (Ind. 2012), *reh'g denied*. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before it, *id.*, and the decision will not be disturbed absent a requisite showing of abuse. *Id.*

[10] Goodwin asserts the trial court violated Indiana Evidence Rule 404(b) and its own *in limine* order when it admitted video evidence in which Goodwin refers to the existence of a warrant for him in an unrelated matter. Rule 404(b)(1) provides: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may, however, be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Evid. R. 404(b)(2).

[11] In deciding whether to admit Rule 404(b) evidence, a trial court must: (1) determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Indiana Evidence Rule 403. *Freed v. State*, 954 N.E.2d 526, 530 (Ind. Ct. App. 2011). Rule 403 provides in part that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by

the danger of unfair prejudice, confusion of the issues, or misleading the jury." The trial court is afforded wide latitude in weighing probative value against prejudice under Rule 403. *Freed*, 954 N.E.2d at 531.

[12] We will reverse the court's evaluation and decision to admit or exclude evidence only on a showing of an abuse of discretion. *Id.* Even if the admission is an abuse of discretion, "we will not reverse if the admission of evidence constituted harmless error." *Micheau v. State*, 893 N.E.2d 1053, 1059 (Ind. Ct. App. 2008) (citing *Fox v. State*, 717 N.E.2d 957, 966 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*), *trans. denied*. Error is harmless if "the conviction is supported by substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Cook v. State*, 734 N.E.2d 563, 569 (Ind. 2000), *reh'g denied*.

[13] Here, the trial court initially admitted the video evidence with the four-second portion redacted. (Tr. Vol. III at 23.) However, Goodwin then insisted the entire video be played without redaction:

> Mr. Banik: Contrary to my good advice, my client is asking that we play the entire video, start to finish, no redactions, no nothing.
> The Court: I'm sorry?
> Mr. Banik: Contrary to my good advice, my client has directed that he wants the entire video played and if not during [Officer Adams'] case then we're going to play the whole thing during his. No redaction. No portions.

The Court: I think we need to make a record on that outside of the presence of the jury.

*****

Mr. Banik: Robert, I've indicated to you that I think parts of the video, in particular, a part that says—well you tell the officer you thought you had a warrant, ought to be not played for the jury. Do you understand that? Do you understand that's what I told you.

Mr. Goodwin: Yes.

Mr. Banik: And you're saying that you strongly disagree with that and you want the whole video, no redactions, 100% start to finish to come in to the jury?

Mr. Goodwin: Yes, cause my knowledge that I didn't—this is a surprise to me. It never was in my motion discovery (sic). I haven't seen-

The Court: You need to speak up. I'm still having trouble hearing you.

Mr. Goodwin: I haven't seen the video that they are talking about.

*****

The Court: That's not the question. At this point [what] we're trying to figure out Mr. Goodwin is whether the video which has been identified by the State is going to be played for the jury or not. Mr. Banik has objected partially on grounds of relevancy. I've overruled that objection because it goes to the question of your identity. He has also objected because one of the portions of that exhibit or one of the portions of that video is a reference to a warrant, which is obviously a reference to another charge, which would not normally be admissible against you and which could prejudice you in the eyes of the jury and so Mr. Banik is making that objection. What you have indicated

> here is you want them to see the entire video even
> though there might be a legal objection. That's where
> we were until you said you hadn't seen any videos.
>
> Mr. Goodwin: I haven't seen any video.
>
> The Court: So my question is, how do you know that you want
> the jury to see the entire video if you're saying you
> have not seen it at all because frankly, I don't make—
> I don't think that makes any sense.
>
> Mr. Goodwin: But if you just going to show partial of it, I
> haven't seen that either. I haven't seen any videos of
> it.
>
> The Court: Well Mr.—Mr. Banik says you have and you say that
> you haven't. I'm not going to resolve that issue today.
> What I'm going to say is this, do you—are you
> insisting that the jury see this entire video, which you
> claim you haven't seen? Are you asking me to make
> that ruling in this case?
>
> Mr. Goodwin: Yes Your Honor.

(*Id*. at 24, 25-29.)

[14] Goodwin attempts to construe the issue on appeal as being about "hybrid representation,"[2] but the record clearly indicates that any error that occurred was invited by Goodwin himself. "The doctrine of invited error is grounded in estoppel and precludes a party from taking advantage of an error that he or she commits, invites, or which is the natural consequence of his or her own neglect or misconduct." *Balicki v. Balicki*, 837 N.E.2d 532, 541 (Ind. Ct. App. 2005),

---

[2] Hybrid representation occurs when "the duties of trial advocacy are shared by a defendant and his attorney, or when a defendant proceeds pro se with an attorney in an advisory capacity." *See Swinehart v. State*, 376 N.E.2d 486, 490 (Ind. 1978) (citing *Bradberry v. State*, 266 N.E.2d 538, 537 (Ind. 1977)).

*trans. denied.* The trial court initially admitted the video with the four seconds of Evidence Rule 404(b) evidence redacted. Goodwin himself, against the advice of counsel, insisted the trial court change that ruling and admit the entire video. We cannot conclude the trial court erred when it admitted the unredacted video at Goodwin's insistence, and Goodwin cannot now allege that admission was error. *See Dennerline v. Atterholt*, 886 N.E.2d 582, 596 (Ind. Ct. App. 2008) (appellant invited the error when he consented to the striking of his setoff defense and to the exclusion of evidence regarding settlements with nonparties; thus, those issues were waived on appeal), *reh'g denied*, *trans. dismissed*.

[15] Even if Goodwin had not invited the error, the admission was harmless because the evidence of Goodwin's guilt was too strong for the verdict to be impacted by his four-second reference to the warrant. Goodwin was identified as the person who rapidly fled from the traffic stop, and police located him a block or so away from the traffic stop. (Tr. Vol. III at 19-20.) A witness positively identified Goodwin as the man she saw outside her house, and police found nearby the gun she described as being in Goodwin's possession. (Tr. Vol. II at 204-06, 207.) We are confident the jury would have found Goodwin possessed that gun even if those four seconds had been redacted from the video. *See Fox*, 717 N.E.2d at 966 (defendant failed to establish harm because the trial court's admission of the video tape was cumulative and not the only direct evidence of the events because two witnesses testified at trial).

# Conclusion

[16] Because Goodwin invited any error that occurred and any error was harmless in light of the evidence against Goodwin, we affirm.

[17] Affirmed.

Mathias, J., and Brown, J., concur.